# Exhibit G

ORIGINAL

# TOWER EASEMENT

**KNOW ALL MEN BY THESE PRESENTS:**

That **KERR-McGEE CORPORATION**, a corporation organized under the laws of the State of Delaware (hereinafter called "Grantor"), hereby grants and conveys to **PEAK CABLEVISION, LLC dba COX COMMUNICATIONS, INC.** (hereinafter called "Grantee"), an easement for the right and privilege to repair, maintain, operate, replace and remove one (1) cable television tower with support building on that certain land situated in **Payne County, Oklahoma**, to-wit:

> **Beginning 60' East and 360' North of SW/corner of E/2 SW/4, thence North 360', thence East 300', thence South 360', thence West 300', to Point of Beginning, all situated in Section 22, Township 18 North, Range 5 East,**

TO HAVE AND TO HOLD unto said Grantee, its successors and assigns, for **five (5) years** from the date hereof, subject to the following terms and conditions:

> The lands burdened by the easement hereby granted are designated "the Premises" for purposes hereof.

The right of way and easement herein granted is not assignable or transferable by Grantee to another party without the prior written consent of Grantor, which consent shall not be unreasonably withheld, and any purported assignment of transfer without such written consent shall be void.

Grantee agrees to pay to Grantor, upon the signing of this Tower Easement, the sum of **Five Hundred and no/100 Dollars ($500.00)** as rent for the term of this easement.

Grantor reserves the right to cross said right of way easement for purposes of (by way of example and not limitation) performing environmental remediation, constructing driveways, entrances, roads, and underground utilities. Grantee's access to the easement shall be limited to a route across Grantor's lands and designated by Grantor.

By accepting this Easement, Grantee expressly agrees to indemnify and defend and hold Grantor, its officers, employees, subsidiaries and agents and the officers, employees and agents of its subsidiaries free and harmless from and against any and all claims, damages, judgments, losses and expenses, including attorneys' fees, howsoever the same may be caused arising out of or resulting from, directly or indirectly, the use by Grantee, its officers, employees, contractors and agents of the Premises or the easement granted herein. Grantee further agrees to indemnify and defend and hold Grantor, its officers, employees, subsidiaries and agents and the officers, employees and agents of its subsidiaries harmless from any claim or liability or damage to or loss of materials, tools and equipment owned or supplied by Grantee or by Grantee's contractors or supplied by any third party to Grantee and used in the construction, operation or maintenance of the tower or support building. Notwithstanding the above, Grantee shall not be required to indemnify Grantor against any claims, damages, judgments, losses or expenses arising from the negligence of the Grantor.

In the event that the tower and support building described herein shall cease to be used as herein provided for a continuous period of three (3) months, this right-of-way easement shall terminate and revert to the surface owner of record, and Grantee shall file a release of said right of way and easement in the land records of Payne County, Oklahoma.

It is understood and agreed that Grantee will obtain any additional consents and permission required by any government entity prior to Grantee's entry thereon. Upon termination of this easement, any equipment remaining on the easement shall be considered to be abandoned by Grantee and thereafter may be removed by Grantor at Grantee's expense.

During the term of this easement, Grantee shall maintain comprehensive general public liability and property damage insurance, as well as workers' compensation insurance, all as may be required by its operations and by applicable laws in the jurisdiction in which the Premises is located. Grantee shall furnish to Grantor a current Certificate of Liability Insurance form naming Kerr-McGee Corporation as "Certificate Holder" and Additional Insured" and in the comments section, it should refer to this "Tower Easement on property in the E/2 SW/4 Sec. 22, T18N, R5E, Payne County, Oklahoma."

All notices permitted or required under this Agreement shall be deemed to have been properly given when made in writing and delivered personally to the intended party or sent by mail or telegram with all necessary postage or charges fully repaid and addressed to the parties as follows:

Grantor: Kerr-McGee Corporation
P.O. Box 25861
Oklahoma City, Oklahoma 73125
Attn: Real Estate Department

Grantee: Peak Cablevision, LLC d.b.a. Cox Communications
2312 N.W. 10th Street
Oklahoma City, Oklahoma 73107
Attn: General Manager

With a copy to:

Cox Communications, Inc.
1400 Lake Hearn Drive
Atlanta, Georgia 30319
Attn: Director of Real Estate

Either party may change its designated address for receipt of notice at any time and from time to time by giving notice to the other party top such effect as herein provided.

Grantee agrees to conduct its operations on the Premises in compliance with all applicable laws, rules and regulations now existing or hereinafter enacted, adopted, or promulgated by any federal, state, local or other governmental authority having jurisdiction over such activity.

**EXECUTED this** 17th **day of** May**, 2002**

**KERR-McGEE CORPORATION**

By: R. D. Stauffer
Name: R. D. Stauffer
type or print
Title: Director, Real Estate

**PEAK CABLEVISION, LLC dba COX COMMUNICATIONS, INC.**

By: [signature]
Name: David A. Biale
type or print
Title: Vice President/GM

FORM APPROVED LAW DEPT.



02/19/02 10:11 AM

STATE OF OKLAHOMA )
) SS
COUNTY OF OKLAHOMA )

The foregoing instrument was acknowledged before me this 17th day of May, **2002**, by R. D. Stauffer, **Kerr-McGee Corporation**, a Delaware corporation, on behalf of the corporation.

WITNESS my hand and official seal.

NOTARY SEAL PUBLIC
SUZANNE J. HILTERBRAN
Oklahoma County
Notary Public in and for
State of Oklahoma
My commission expires Mar. 04, 2006.

Suzanne J. Hilterbran
Notary Public

My Commission Expires:
3-4-06

STATE OF Oklahoma )
) SS
COUNTY OF Oklahoma )

The foregoing instrument was acknowledged before me this 25th day of April, **2002,** by Dave Bialis of **Peak Cablevision, LLC dba Cox Communications, Inc.** a ____________ corporation, on behalf of the corporation.

WITNESS my hand and official seal.

Cindy Waters
Notary Public

My Commission Expires:
Sept. 17, 2005



02/19/02 10:11 AM

# TRONOX

Phone: 405.775.5000
Fax: 405.775.5632

March 31, 2006

Cox Communications
1400 Lake Hearn Drive
Atlanta, GA 30319
Attn: Legal & Regulatory

Re: Lease Agreement for HWY 18 and Kerr McGee Rd. (the "Lease"), dated 5/17/2002, between Kerr-McGee Corporation and CoxCom, Inc., as successor-in-interest to Peak Cablevision, L.L.C. ("Cox")

Dear Sir or Madam:

Tronox Worldwide LLC ("Tronox"), successor by merger to Kerr-McGee Corporation hereby consents to: (i) the assignment and transfer of the referenced Lease and the rights and obligations thereunder to Cebridge Acquisition Co. LLC ("Cebridge") from Cox by and through an Asset Purchase Agreement entered into between Cox and Cebridge dated October 31, 2005, effective as of the anticipated closing in the second quarter of 2006 ("Closing"), (ii) the assignment and/or pledge of Tronox's rights under the Lease by Cebridge or such affiliate of Cebridge, for collateral purposes, to such financial instructions as Cebridge or such affiliate may select from time and time, and (iii) the release of Cox from any obligations arising under the Lease from and after the Closing.

As of the closing, Cebridge will be bound by and shall assume and discharge all of Cox's obligations under the Lease arising from and after the Closing, and Cox shall be released from any obligations (including without limitation any guarantee or surety) under the Lease arising at or after the Closing. In addition, by Tronox's signature below Tronox acknowledge that the Lease represents the entire understanding of the parties with respect to the subject matter thereof and is in full force and effect, that Cox is in material compliance with the provisions of the Lease and that there exists no fact or circumstance that constitutes or that, with the passage of time or the giving of notice or both, would constitute a default or event of default under the Lease.

Tronox Worldwide LLC

By: Suzanne J. Hilterbran
Name: Suzanne J. Hilterbran
Title: Real Estate Property Specialist

Tronox
Law Dept.