IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-5 T

(Judge Margaret M. Sweeney)

---

KERR-MCGEE CORPORATION AND SUBSIDIARIES,

Plaintiffs

v.

UNITED STATES,

Defendant

---

# PLAINTIFFS' FIRST AMENDED COMPLAINT

---

1. This is an action arising under the internal revenue laws of the United States for the recovery of federal income taxes and related interest erroneously assessed against and collected from Plaintiffs by Defendant. The taxable periods involved are Plaintiffs' taxable years ended December 31, 1995; December 31, 1996; December 31, 1997; and December 31, 1998. The amounts involved are set forth below.

2. Jurisdiction is conferred on this Court by Title 28, United States Code, Section 1491, and Title 26, United States Code, Section 7422, and all conditions precedent to the jurisdiction of the Court have been satisfied.

3. Plaintiff Kerr-McGee Corporation (formerly Kerr-McGee Holdco, Inc.) is a corporation organized under the laws of Delaware.

4. Plaintiff Kerr-McGee Corporation is the successor-in-interest to Kerr-McGee Operating Corporation (formerly Kerr-McGee Corporation) ("Old Kerr-McGee"). Old Kerr-

McGee was the common parent of an affiliated group of corporations that filed consolidated federal income tax returns for the years in issue. The Affiliations Schedule, Form 851, filed with the Old Kerr-McGee affiliated group's federal income tax return for each of the years in issue sets forth the names, addresses, and taxpayer identification numbers of the corporations that were members of the Old Kerr-McGee affiliated group during any part of such year. A copy of the Affiliations Schedule for the year ended December 31, 1995, is attached hereto as Exhibit A and incorporated herein by reference. A copy of the Affiliations Schedule for the year ended December 31, 1996, is attached hereto as Exhibit B and incorporated herein by reference. A copy of the Affiliations Schedule for the year ended December 31, 1997, is attached hereto as Exhibit C and incorporated herein by reference. A copy of the Affiliations Schedule for the year ended December 31, 1998, is attached hereto as Exhibit D and incorporated herein by reference.

5. The Defendant is the United States of America.

Environmental Remediation of the Cleveland Refinery Site

6. In 1956, Old Kerr-McGee (then known as Kerr-McGee Oil Industries, Inc.) purchased a site in Cleveland, Oklahoma, that included 170 acres of land and an oil refinery. Of the $1,375,000 purchase price, $7,175 was paid for the land and $1,367,825 was paid for the refinery. The site had been used for refinery operations since before 1920. When Old Kerr-McGee purchased the site, it believed that the site was in compliance with state and federal environmental laws, and it did not anticipate any liability with respect to environmental remediation of the site.

7. Old Kerr-McGee operated a refinery on the Cleveland site from 1956 until it closed the refinery in 1972. In 1972, Old Kerr-McGee transferred the refinery (while retaining the site) to an unrelated entity, which dismantled the refinery and removed it for salvage. In

1975, the site was transferred to Kerr-McGee Refining Corporation ("KMRC"), a wholly owned subsidiary of Old Kerr-McGee at that time.

8. In 1981, in accordance with the Comprehensive Environmental Recovery, Compensation, and Liabilities Act ("CERCLA"), KMRC informed the United States Environmental Protection Agency (the "EPA") of the possible presence of certain wastes it believed had been disposed of on the Cleveland site in connection with site operations. In 1992, a consent order was entered in the District Court of Pawnee County, Oklahoma, requiring Old Kerr-McGee to perform certain remediation work and stipulating the penalties to be assessed against Old Kerr-McGee in the event of non-compliance.

9. During the years ended December 31, 1995; December 31, 1996; December 31, 1997; and December 31, 1998, Plaintiffs incurred expenditures to remediate the Cleveland site.

10. Plaintiffs were not compensated by insurance or otherwise for the expenditures incurred to remediate the Cleveland site and had no reasonable prospect of recovering any claim for such compensation. Plaintiffs had permanently withdrawn the site from use in a trade or business. Plaintiffs had no intention of using the site again or making it available for sale, exchange, or other disposition. The site was worthless, since the cost of remediating it would greatly exceed its fair market value following the remediation.

Environmental Remediation of the Cushing Refinery Site

11. In 1956, Old Kerr-McGee purchased a site in Cushing, Oklahoma, that included 440 acres of land and an oil refinery. Of the $3,500,000 purchase price, $7,560 was paid for the land and $3,492,440 was paid for the refinery. The site had been used for refinery operations since before 1920. When Old Kerr-McGee purchased the site, it believed that the site was in

compliance with state and federal environmental laws, and it did not anticipate any liability with respect to environmental remediation of the site.

12. Old Kerr-McGee operated a refinery on the Cushing site from 1956 until it closed the refinery in 1972. During a period of approximately three years, Old Kerr-McGee also processed uranium and thorium at the site. In 1972, Old Kerr-McGee transferred the refinery and most of the land to Dewey Enterprises, an unrelated entity, which dismantled the refinery and removed it from the site for salvage.

13. In 1981, in accordance with CERCLA, the EPA was informed of the possible presence of certain wastes Old Kerr-McGee believed had been disposed of on the Cushing site in connection with site operations. Since CERCLA required Plaintiffs to remediate the site, Old Kerr-McGee reacquired the refinery site. In 1990, a consent order was entered in the District Court of Payne County, Oklahoma, requiring Old Kerr-McGee to perform certain remediation work and stipulating the penalties to be assessed against Old Kerr-McGee in the event of non-compliance.

14. During the years ended December 31, 1995; December 31, 1996; December 31, 1997; and December 31, 1998, Plaintiffs incurred expenditures to remediate the Cushing site.

15. Plaintiffs were not compensated by insurance or otherwise for the expenditures incurred to remediate the Cushing site and had no reasonable prospect of recovering any claim for such compensation. Plaintiffs had permanently withdrawn the site from use in a trade or business. Plaintiffs had no intention of using the site again or making it available for sale, exchange, or other disposition. The site was worthless, since the cost of remediating the site would greatly exceed its fair market value after remediation.

COUNT ONE
(1995)

16. Plaintiffs repeat the allegations of paragraphs 1 through 15 above.

The First Refund Claim for 1995

17. Pursuant to Rule 9(h)(6), Rules of the United States Court of Federal Claims, Plaintiffs state as follows:

(a) Plaintiffs seek an income tax refund of $961,001 of the $22,684,341 in income taxes paid with respect to the year ended December 31, 1995. Such payments were made to the Internal Revenue Service (the "IRS") via wire transfer to the IRS account at the First National Bank in Chicago, in the following amounts and on the following dates:

| Date or Description | Amount |
|---|---|
| Overpayment from 1994 | $4,340,307 |
| April 17, 1995 Payment | $4,000,000 |
| June 15, 1995 Payment | $7,000,000 |
| September 15, 1995 Payment | $27,000,000 |
| December 15, 1995 Payment | $2,860,000 |
| Credit for tax on fuels | $46,355 |
| Refund received on February 19, 1996 | ($19,000,000) |
| Applied to 1996 return | ($2,762,766) |
| Refund received on August 20, 2003 | ($799,555) |
| | $22,684,341 |

(b) Plaintiffs' consolidated federal income tax return for the year ended December 31, 1995, was filed with the Internal Revenue Service Center, 55 North Robinson, Oklahoma City, Oklahoma, 73125, on or about September 16, 1996.

(c) The name, address, and identification number of the taxpayer appearing on Plaintiffs' tax return for the year ended December 31, 1995, is as follows:

Kerr-McGee Corporation and Subsidiaries
Kerr-McGee Center (MT-803)
Oklahoma City, OK 73125
73-0311467

(d) The taxpayer identification number of Kerr-McGee Corporation is 73-1612389.

(e) Plaintiffs filed a timely claim for refund of $961,001 for the year ended December 31, 1995, with the Internal Revenue Service Center at 55 North Robinson, Oklahoma City, Oklahoma, 73125, on or about December 18, 2003 (the "First 1995 Refund Claim"). A copy of the First 1995 Refund Claim is attached hereto as Exhibit E and incorporated herein by reference.

18. Plaintiffs executed a series of IRS Forms 872, "Consent to Extend the Time to Assess Tax," the latest of which extended to December 31, 2003, the period within which the IRS could assess against Plaintiffs an income tax deficiency for the year ended December 31, 1995. Such consent also extended for an additional six months thereafter the period within which Plaintiffs could timely file a claim for refund of taxes paid with respect to the year ended December 31, 1995.

19. The IRS made audit adjustments to the income, deductions, credits, and other items affecting Plaintiffs' tax liability for the year ended December 31, 1995. On April 1, 2003, the IRS accepted Plaintiffs' executed Form 870-AD, Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment, a copy of which is attached hereto as Exhibit F and incorporated herein by reference. In the Form 870-AD, Plaintiffs expressly reserved the right to "file a claim for refund or credit, or prosecute a timely-filed claim, for 1995 and 1996 within the time prescribed by Internal Revenue Code Section 6511(a) with respect to adjustments made by the Compliance Division to disallow deductions for environmental clean-up costs incurred at the Cleveland, Oklahoma and Cushing, Oklahoma refinery sites."

20. The First 1995 Refund Claim was disallowed by the IRS on or about March 25, 2004.

21. During the year ended December 31, 1995, Plaintiffs incurred environmental remediation expenditures of $2,348,491 at the Cleveland site. The IRS erroneously disallowed the deduction of $1,689,265 of those expenditures and required them to be capitalized.

22. During the year ended December 31, 1995, Plaintiffs incurred environmental remediation expenditures of $3,711,305 at the Cushing site. The IRS erroneously disallowed the deduction of $3,115,742 of those expenditures and required them to be capitalized.

23. Pursuant to Title 26, United States Code, section 162, the environmental remediation expenditures were deductible. In the alternative, the expenditures were deductible pursuant to Title 26, United States Code, section 165(a).

24. As a result, Plaintiffs have overpaid their income taxes for the year ended December 31, 1995, and are entitled to a tax refund for that year in the amount of $961,001, plus all applicable interest.

<u>The Second Refund Claim for 1995</u>

25. Pursuant to Rule 9(h)(6), Rules of the United States Court of Federal Claims, Plaintiffs state as follows:

(a) In the alternative to Plaintiffs' First 1995 Refund Claim, Plaintiffs seek an income tax refund of $957,874 of the $22,684,341 in income taxes paid with respect to the year ended December 31, 1995. Such payments were made to the IRS as described in sub-paragraph 17(a).

(b) Plaintiffs repeat the allegations of sub-paragraphs 17(b)-(d).

(c) In the alternative to Plaintiffs' First 1995 Refund Claim, Plaintiffs filed a timely claim for refund of $957,874 for the year ended December 31, 1995, with the Internal Revenue Service Center at 55 North Robinson, Oklahoma City, Oklahoma, 73125, on or about June 28, 2004 (the "Second 1995 Refund Claim"). A copy of the Second 1995 Refund Claim is attached hereto as Exhibit G and incorporated herein by reference.

26. Plaintiffs repeat the allegations of paragraphs 18-19.

27. More than six months have elapsed since Plaintiffs filed the Second 1995 Refund Claim.

28. During the year ended December 31, 1995, Plaintiffs incurred environmental remediation expenditures of $2,348,491 at the Cleveland site. The IRS erroneously disallowed the deduction of $1,689,265 of those expenditures and required them to be capitalized. As indicated in *Illinois Tool Works v. Commissioner*, 117 T.C. 39 (2001), *aff'd*, 355 F.3d 997 (7th Cir. 2004), to the extent remediation costs can be allocated to assets that have been disposed of, such costs are deductible. Since Plaintiffs had disposed of 99.48% of the assets originally purchased (i.e., the refinery), 99.48% of the disallowed expenditures ($1,680,481) were deductible even if Plaintiffs' position in the First 1995 Refund Claim is not upheld.

29. During the year ended December 31, 1995, Plaintiffs incurred environmental remediation expenditures of $3,711,305 at the Cushing site. The IRS erroneously disallowed the deduction of $3,115,742 of those expenditures and required them to be capitalized. Since Plaintiffs had disposed of 99.78% of the assets originally purchased (i.e., the refinery), 99.78% of the disallowed expenditures ($3,108,887) were deductible even if Plaintiffs' position in the First 1995 Refund Claim is not upheld.

30. As a result, and in the alternative to the First 1995 Refund Claim, Plaintiffs have overpaid their income taxes for the year ended December 31, 1995, and are entitled to a tax refund for that year in the amount of $957,874, plus all applicable interest.

COUNT TWO
(1996)

31. Plaintiffs repeat the allegations of paragraphs 1 through 15 above.

The First Refund Claim for 1996

32. Pursuant to Rule 9(h)(6), Rules of the United States Court of Federal Claims, Plaintiffs state as follows:

(a) Plaintiffs seek an income tax refund of $1,142,408 of the $26,146,798 in income taxes paid with respect to the year ended December 31, 1996. Such payments were made to the IRS via wire transfer to the IRS account at the First National Bank of Chicago, in the following amounts and on the following dates:

| Date or Description | Amount |
|---|---|
| Overpayment from 1995 | $2,762,766 |
| April 15, 1996 Payment | $3,300,000 |
| June 17, 1996 Payment | $7,500,000 |
| September 16, 1996 Payment | $8,000,000 |
| December 16, 1996 Payment | $7,500,000 |
| March 14, 1997 Payment | $7,000,000 |
| Credit for tax on fuels | $15,175 |
| Applied to 1996 return | ($4,000,000) |
| Refund received on October 9, 1997 | ($4,259,030) |
| Refund received on August 20, 2003 | ($1,672,113) |
| | $26,146,798 |

(b) Plaintiffs' consolidated federal income tax return for the year ended December 31, 1996, was filed with the Internal Revenue Service Center, 55 North Robinson, Oklahoma City, Oklahoma, 73125, on or about September 15, 1997.

(c) The name, address, and identification number of the taxpayer appearing on Plaintiffs' tax return for the year ended December 31, 1996, is as follows:

Kerr-McGee Corporation and Subsidiaries
Kerr-McGee Center (MT-803)
Oklahoma City, OK 73125
73-0311467

(d) The taxpayer identification number of Kerr-McGee Corporation is 73-1612389.

(e) Plaintiffs filed a timely claim for refund of $1,142,408 for the year ended December 31, 1996, with the Internal Revenue Service Center at 55 North Robinson, Oklahoma City, Oklahoma, 73125, on or about December 18, 2003 (the "First 1996 Refund Claim"). A copy of Plaintiffs' First 1996 Refund Claim is attached hereto as Exhibit H and incorporated herein by reference.

33. Plaintiffs executed a series of IRS Forms 872, "Consent to Extend the Time to Assess Tax," the latest of which extended to December 31, 2003, the period within which the IRS could assess against Plaintiffs an income tax deficiency for the year ended December 31, 1996. Such consent also extended for an additional six months thereafter the period within which Plaintiffs could timely file a claim for refund of taxes paid with respect to the year ended December 31, 1996.

34. The IRS made audit adjustments to the income, deductions, credits, and other items affecting Plaintiffs' tax liability for the year ended December 31, 1996. On April 1, 2003, the IRS accepted Plaintiffs' executed Form 870-AD, Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment, a copy of which is attached hereto as Exhibit F and incorporated herein by reference. In the Form 870-AD, Plaintiffs expressly reserved the right to "file a claim for refund or credit, or prosecute a timely-filed claim,

for 1995 and 1996 within the time prescribed by Internal Revenue Code Section 6511(a) with respect to adjustments made by the Compliance Division to disallow deductions for environmental clean-up costs incurred at the Cleveland, Oklahoma and Cushing, Oklahoma refinery sites."

35. The First 1996 Refund Claim was disallowed by the IRS on March 25, 2004.

36. During the year ended December 31, 1996, Plaintiffs incurred environmental remediation expenditures of $1,638,336 at the Cleveland site. The IRS erroneously disallowed the deduction of $1,178,454 of those expenditures and required them to be capitalized.

37. During the year ended December 31, 1996, Plaintiffs incurred environmental remediation expenditures of $5,400,165 at the Cushing site. The IRS erroneously disallowed the deduction of $4,533,587 of those expenditures and required them to be capitalized.

38. Pursuant to Title 26, United States Code, section 162, the environmental remediation expenditures were deductible. In the alternative, the expenditures were deductible pursuant to Title 26, United States Code, section 165(a).

39. As a result, Plaintiffs have overpaid their income taxes for the year ended December 31, 1996, and are entitled to a tax refund for that year in the amount of $1,142,408, plus all applicable interest.

<u>The Second Refund Claim for 1996</u>

40. Pursuant to Rule 9(h)(6), Rules of the United States Court of Federal Claims, Plaintiffs state as follows:

(a) In the alternative to Plaintiffs' First 1996 Refund Claim, Plaintiffs seek an income tax refund of $1,139,188 of the $26,146,798 in income taxes paid with respect to the year

ended December 31, 1996. Such payments were made to the IRS as described in sub-paragraph 32(a).

(b) Plaintiffs repeat the allegations of sub-paragraphs 32(b)-(d).

(c) In the alternative to Plaintiffs' First 1996 Refund Claim, Plaintiffs filed a timely claim for refund of $1,139,188 for the year ended December 31, 1996, with the Internal Revenue Service Center at 55 North Robinson, Oklahoma City, Oklahoma, 73125, on or about June 28, 2004 (the "Second 1996 Refund Claim"). A copy of the Second 1996 Refund Claim is attached hereto as Exhibit I and incorporated herein by reference.

41. Plaintiffs repeat the allegations of paragraphs 33-34.

42. More than six months have elapsed since Plaintiffs filed the Second 1996 Refund Claim.

43. During the year ended December 31, 1996, Plaintiffs incurred environmental remediation expenditures of $1,638,336 at the Cleveland site. The IRS erroneously disallowed the deduction of $1,178,454 of those expenditures and required them to be capitalized. As indicated in *Illinois Tool Works v. Commissioner*, 117 T.C. 39 (2001), *aff'd*, 355 F.3d 997 (7th Cir. 2004), to the extent remediation costs can be allocated to assets that have been disposed of, such costs are deductible. Since Plaintiffs had disposed of 99.48% of the assets originally purchased (i.e., the refinery), 99.48% of the disallowed expenditures ($1,172,326) were deductible even if Plaintiffs' position in the First 1996 Refund Claim is not upheld.

44. During the year ended December 31, 1996, Plaintiffs incurred environmental remediation expenditures of $5,400,165 at the Cushing site. The IRS erroneously disallowed the deduction of $4,533,587 of those expenditures and required them to be capitalized. Since Plaintiffs had disposed of 99.78% of the assets originally purchased (i.e., the refinery), 99.78%

of the disallowed expenditures ($4,523,613) were deductible even if Plaintiffs' position in the First 1996 Refund Claim is not upheld.

45. As a result, and in the alternative to the First 1996 Refund Claim, Plaintiffs have overpaid their income taxes for the year ended December 31, 1996, and are entitled to a tax refund for that year in the amount of $1,139,188, plus all applicable interest.

COUNT THREE
(1997)

46. Plaintiffs repeat the allegations of paragraphs 1 through 15 above.

The First Refund Claim for 1997

47. Pursuant to Rule 9(h)(6), Rules of the United States Court of Federal Claims, Plaintiffs state as follows:

(a) Plaintiffs seek an income tax refund of $1,640,281 of the $11,479,766 in income taxes paid with respect to the year ended December 31, 1997. Such payments were made to the IRS via wire transfer or check, in the following amounts and on the following dates:

| Date or Description | Amount |
|---|---|
| Overpayment from 1996 | $4,000,000 |
| April 15, 1997 Payment | $5,200,000 |
| June 15, 1997 Payment | $4,000,000 |
| December 15, 1997 Payment | $12,500,000 |
| Credit for tax on fuels | $14,947 |
| Applied to 1998 return | ($7,980,416) |
| Refund received on March 2, 1998 | ($8,100,000) |
| September 26, 2006 audit payment | $1,845,235 |
| | $11,479,766 |

(b) Plaintiffs' consolidated federal income tax return for the year ended December 31, 1997, was filed with the Internal Revenue Service Center, 55 North Robinson, Oklahoma City, Oklahoma, 73125, on or about September 15, 1998.

(c) The name, address, and identification number of the taxpayer appearing on Plaintiffs' tax return for the year ended December 31, 1997, is as follows:

Kerr-McGee Corporation and Subsidiaries
Kerr-McGee Center (MT-803)
Oklahoma City, OK 73125
73-0311467

(d) The taxpayer identification number of Kerr-McGee Corporation is 73-1612389.

(e) Plaintiffs filed a timely claim for refund of $1,640,281 for the year ended December 31, 1997, with the Internal Revenue Service Center at 55 North Robinson, Oklahoma City, Oklahoma, 73125, on or about March 29, 2007 (the "First 1997 Refund Claim"). A copy of Plaintiffs' First 1997 Refund Claim is attached hereto as Exhibit J and incorporated herein by reference.

48. Plaintiffs executed a series of IRS Forms 872, "Consent to Extend the Time to Assess Tax," the latest of which extended to March 31, 2007 the period within which the IRS could assess against Plaintiffs an income tax deficiency for the year ended December 31, 1997. Such consent also extended for an additional six months thereafter the period within which Plaintiffs could timely file a claim for refund of taxes paid with respect to the year ended December 31, 1997.

49. The IRS made audit adjustments to the income, deductions, credits, and other items affecting Plaintiffs' tax liability for the year ended December 31, 1997. On May 23, 2006, the IRS accepted Plaintiffs' executed Form 870-AD, Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment, a copy of which is attached hereto as Exhibit K and incorporated herein by reference. In the Form 870-AD, Plaintiffs expressly reserved the right to "file a claim for refund or credit, or prosecute a timely-filed claim,

for 1997 and 1998 within the time prescribed by Internal Revenue Code Section 6511(a) with respect to adjustments made by the Compliance Division to disallow deductions for environmental clean-up costs incurred at the Cleveland[,] Oklahoma and Cushing[,] Oklahoma refinery sites."

50. The First 1997 Refund Claim was disallowed by the IRS on September 18, 2007.

51. During the year ended December 31, 1997, Plaintiffs incurred environmental remediation expenditures of $1,102,728 at the Cleveland site. The IRS erroneously disallowed the deduction of $793,193 of those expenditures and required them to be capitalized.

52. During the year ended December 31, 1997, Plaintiffs incurred environmental remediation expenditures of $8,824,554 at the Cushing site. The IRS erroneously disallowed the deduction of $7,408,213 of those expenditures and required them to be capitalized.

53. Pursuant to Title 26, United States Code, section 162, the environmental remediation expenditures were deductible. In the alternative, the expenditures were deductible pursuant to Title 26, United States Code, section 165(a).

54. As a result, Plaintiffs have overpaid their income taxes for the year ended December 31, 1997, and are entitled to a tax refund for that year in the amount of $1,640,281, plus all applicable interest.

<u>The Second Refund Claim for 1997</u>

55. Pursuant to Rule 9(h)(6), Rules of the United States Court of Federal Claims, Plaintiffs state as follows:

(a) In the alternative to Plaintiffs' First 1997 Refund Claim, Plaintiffs seek an income tax refund of $1,636,196 of the $11,479,766 in income taxes paid with respect to the year

ended December 31, 1997. Such payments were made to the IRS as described in sub-paragraph 47(a).

(b) Plaintiffs repeat the allegations of sub-paragraphs 47(b)-(d).

(c) In the alternative to Plaintiffs' First 1997 Refund Claim, Plaintiffs filed a timely claim for refund of $1,636,196 for the year ended December 31, 1997, with the Internal Revenue Service Center at 55 North Robinson, Oklahoma City, Oklahoma, 73125, on or about March 29, 2007 (the "Second 1997 Refund Claim"). A copy of the Second 1997 Refund Claim is attached hereto as Exhibit L and incorporated herein by reference.

56. Plaintiffs repeat the allegations of paragraphs 48-49.

57. Plaintiffs Second 1997 Refund Claim was disallowed by the IRS on February 19, 2008.

58. During the year ended December 31, 1997, Plaintiffs incurred environmental remediation expenditures of $1,102,728 at the Cleveland site. The IRS erroneously disallowed the deduction of $793,193 of those expenditures and required them to be capitalized. As indicated in *Illinois Tool Works v. Commissioner*, 117 T.C. 39 (2001), *aff'd*, 355 F.3d 997 (7th Cir. 2004), to the extent remediation costs can be allocated to assets that have been disposed of, such costs are deductible. Since Plaintiffs had disposed of 99.48% of the assets originally purchased (i.e., the refinery), 99.48% of the disallowed expenditures ($789,068) were deductible even if Plaintiffs' position in the First 1997 Refund Claim is not upheld.

59. During the year ended December 31, 1997, Plaintiffs incurred environmental remediation expenditures of $8,824,554 at the Cushing site. The IRS erroneously disallowed the deduction of $7,408,213 of those expenditures and required them to be capitalized. Since Plaintiffs had disposed of 99.78% of the assets originally purchased (i.e., the refinery), 99.78%

of the disallowed expenditures ($7,391,915) were deductible even if Plaintiffs' position in the First 1997 Refund Claim is not upheld.

60. As a result, and in the alternative to the First 1997 Refund Claim, Plaintiffs have overpaid their income taxes for the year ended December 31, 1997, and are entitled to a tax refund for that year in the amount of $1,636,196, plus all applicable interest.

COUNT FOUR
(1998)

61. Plaintiffs repeat the allegations of paragraphs 1 through 15 above.

The First Refund Claim for 1998

62. Pursuant to Rule 9(h)(6), Rules of the United States Court of Federal Claims, Plaintiffs state as follows:

(a) Plaintiffs seek an income tax refund of $5,956,634 of the $108,051,956 in income taxes paid with respect to the year ended December 31, 1998. Such payments were made to the IRS via wire transfer or check, in the following amounts and on the following dates:

| Date or Description | Amount |
|---|---|
| Overpayment from 1997 | $7,307,549 |
| April 15, 1998 Payment | $5,000,000 |
| June 15, 1998 Payment | $5,000,000 |
| September 15, 1998 Payment | $105,000,000 |
| Credit for tax on fuels | $14,522 |
| Refund received on February 24, 1999 | ($55,000,000) |
| Refund received on October 22, 1999 | ($7,071,448) |
| February 2, 2004 audit payment | $49,686,658 |
| September 26, 2006 audit payment | $3,422,369 |
| AMT Carryback from 2001 | ($5,307,694) |
| | $108,051,956 |

(b) Plaintiffs' consolidated federal income tax return for the year ended December 31, 1998, was filed with the Internal Revenue Service Center, 55 North Robinson, Oklahoma City, Oklahoma, 73125, on or about September 15, 1999.

(c) The name, address, and identification number of the taxpayer appearing on Plaintiffs' tax return for the year ended December 31, 1998, is as follows:

Kerr-McGee Corporation and Subsidiaries
Kerr-McGee Center (MT-803)
Oklahoma City, OK 73125
73-0311467

(d) The taxpayer identification number of Kerr-McGee Corporation is 73-1612389.

(e) Plaintiffs filed a timely claim for refund of $5,956,634 for the year ended December 31, 1998, with the Internal Revenue Service Center at 55 North Robinson, Oklahoma City, Oklahoma, 73125, on or about March 29, 2007 (the "First 1998 Refund Claim"). A copy of Plaintiffs' First 1998 Refund Claim is attached hereto as Exhibit M and incorporated herein by reference.

63. Plaintiffs executed a series of IRS Forms 872, "Consent to Extend the Time to Assess Tax," the latest of which extended to March 31, 2007, the period within which the IRS could assess against Plaintiffs an income tax deficiency for the year ended December 31, 1998. Such consent also extended for an additional six months thereafter the period within which Plaintiffs could timely file a claim for refund of taxes paid with respect to the year ended December 31, 1998.

64. The IRS made audit adjustments to the income, deductions, credits, and other items affecting Plaintiffs' tax liability for the year ended December 31, 1998. On May 23, 2006 the IRS accepted Plaintiffs' executed Form 870-AD, Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment, a copy of which is attached hereto as Exhibit K and incorporated herein by reference. In the Form 870-AD, Plaintiffs expressly reserved the right to "file a claim for refund or credit, or prosecute a timely-filed claim,

for 1997 and 1998 within the time prescribed by Internal Revenue Code Section 6511(a) with respect to adjustments made by the Compliance Division to disallow deductions for environmental clean-up costs incurred at the Cleveland[,] Oklahoma and Cushing[,] Oklahoma refinery sites."

65. The First 1998 Refund Claim was disallowed by the IRS on September 18, 2007.

66. During the year ended December 31, 1998, Plaintiffs incurred environmental remediation expenditures of $1,570,211 at the Cleveland site. The IRS erroneously disallowed the deduction of $1,129,453 of those expenditures and required them to be capitalized.

67. During the year ended December 31, 1998, Plaintiffs incurred environmental remediation expenditures of $9,371,419 at the Cushing site. The IRS erroneously disallowed the deduction of $7,867,306 of those expenditures and required them to be capitalized.

68. Pursuant to Title 26, United States Code, section 162, the environmental remediation expenditures were deductible. In the alternative, the expenditures were deductible pursuant to Title 26, United States Code, section 165(a).

69. As a result, Plaintiffs have overpaid their income taxes for the year ended December 31, 1998, and are entitled to a tax refund for that year in the amount of $5,956,634, plus all applicable interest.

<u>The Second Refund Claim for 1998</u>

70. Pursuant to Rule 9(h)(6), Rules of the United States Court of Federal Claims, Plaintiffs state as follows:

(a) In the alternative to Plaintiffs' First 1998 Refund Claim, Plaintiffs seek an income tax refund of $5,940,696 of the $108,051,956 in income taxes paid with respect to the

year ended December 31, 1998. Such payments were made to the IRS as described in sub-paragraph 62(a).

(b) Plaintiffs repeat the allegations of sub-paragraphs 62(b)-(d).

(c) In the alternative to Plaintiffs' First 1998 Refund Claim, Plaintiffs filed a timely claim for refund of $5,940,696 for the year ended December 31, 1998, with the Internal Revenue Service Center at 55 North Robinson, Oklahoma City, Oklahoma, 73125, on or about March 29, 2007 (the "Second 1998 Refund Claim"). A copy of the Second 1998 Refund Claim is attached hereto as Exhibit N and incorporated herein by reference.

71. Plaintiffs repeat the allegations of paragraphs 63-64.

72. Plaintiffs' Second 1998 Refund Claim was disallowed by the IRS on February 19, 2008.

73. During the year ended December 31, 1998, Plaintiffs incurred environmental remediation expenditures of $1,570,211 at the Cleveland site. The IRS erroneously disallowed the deduction of $1,129,453 of those expenditures and required them to be capitalized. As indicated in *Illinois Tool Works v. Commissioner*, 117 T.C. 39 (2001), *aff'd*, 355 F.3d 997 (7th Cir. 2004), to the extent remediation costs can be allocated to assets that have been disposed of, such costs are deductible. Since Plaintiffs had disposed of 99.48% of the assets originally purchased (i.e., the refinery), 99.48% of the disallowed expenditures ($1,123,580) were deductible even if Plaintiffs' position in the First 1998 Refund Claim is not upheld.

74. During the year ended December 31, 1998, Plaintiffs incurred environmental remediation expenditures of $9,371,419 at the Cushing site. The IRS erroneously disallowed the deduction of $7,867,306 of those expenditures and required them to be capitalized. Since Plaintiffs had disposed of 99.78% of the assets originally purchased (i.e., the refinery), 99.78%

of the disallowed expenditures ($7,849,998) were deductible even if Plaintiffs' position in the First 1998 Refund Claim is not upheld.

75. As a result, and in the alternative to the First 1998 Refund Claim, Plaintiffs have overpaid their income taxes for the year ended December 31, 1998, and are entitled to a tax refund for that year in the amount of $5,940,696, plus all applicable interest.

* * *

76. Plaintiffs have made no transfer or assignment of the claims herein presented or any part thereof and are the sole and absolute owners of these claims. No action on these claims has been taken by the Congress of the United States, or by any of the departments of the government, other than the actions by the Treasury Department hereinbefore described. No other suit or process by Plaintiffs is pending in any other court with respect to these claims.

**WHEREFORE**, Plaintiffs pray for judgment in their favor against Defendant:

(1) In the amount of $9,700,324, or such greater amount as the Court should determine, plus any amounts to which Plaintiffs may be entitled due to any computational adjustments resulting from any change to the affiliated group's income, deductions, or other items, plus statutory interest paid with respect to such amounts plus interest thereon according to law, as follows:

(a) In the amount of $961,001 for the taxable year ended December 31, 1995;

(b) In the amount of $1,142,408 for the taxable year ended December 31, 1996;

(c) In the amount of $1,640,281 for the taxable year ended December 31, 1997;

(d) In the amount of $5,956,634 for the taxable year ended December 31, 1998.

(2) In the alternative, in the amount of $9,673,954, or such greater amount as the Court should determine, plus any amounts to which Plaintiffs may be entitled due to any computational adjustments resulting from any change to the affiliated group's income, deductions, or other items, plus statutory interest paid with respect to such amounts plus interest thereon according to law, as follows:

(a) In the amount of $957,874 for the taxable year ended December 31, 1995;

(b) In the amount of $1,139,188 for the taxable year ended December 31, 1996;

(c) In the amount of $1,636,196 for the taxable year ended December 31, 1997;

(d) In the amount of $5,940,696 for the taxable year ended December 31, 1998.

(3) For Plaintiffs' costs, attorneys' fees, and such other further relief as the Court deems just.

Respectfully submitted,

Dated: May 12, 2008

/s/ Stephen D. Gardner
STEPHEN D. GARDNER
Cooley Godward Kronish LLP
1114 Avenue of the Americas
New York, N.Y. 10036
(212) 479-6130

Attorney for Plaintiffs

# List of Exhibits


| | |
|---|---|
| Affiliations Schedule (Form 851) For Taxable Year 1995 | Exhibit A |
| Affiliations Schedule (Form 851) For Taxable Year 1996 | Exhibit B |
| Affiliations Schedule (Form 851) For Taxable Year 1997 | Exhibit C |
| Affiliations Schedule (Form 851) For Taxable Year 1998 | Exhibit D |
| First 1995 Refund Claim (Form 1120X) | Exhibit E |
| Form 870-AD Accepted by the Internal Revenue Service on April 1, 2003 | Exhibit F |
| Second 1995 Refund Claim (Form 1120X) | Exhibit G |
| First 1996 Refund Claim (Form 1120X) | Exhibit H |
| Second 1996 Refund Claim (Form 1120X) | Exhibit I |
| First 1997 Refund Claim (Form 1120X) | Exhibit J |
| Form 870-AD Accepted by the Internal Revenue Service on May 23, 2006 | Exhibit K |
| Second 1997 Refund Claim (Form 1120X) | Exhibit L |
| First 1998 Refund Claim (Form 1120X) | Exhibit M |
| Second 1998 Refund Claim (Form 1120X) | Exhibit N |

# EXHIBIT A

Form **851** (Rev. September 1994)
Department of the Treasury Internal Revenue Service

# Affiliations Schedule

▶ File with each consolidated income tax return

Tax year ending 12/31 , 19 95

OMB No. 1545-0025

Common parent corporation
KERR-McGEE CORPORATION AND SUBSIDIARIES

Employer identification number
73-0311467

Number, street, and room or suite no. (If a P.O. box, see instructions.)
KERR-McGEE CENTER (MT-803)

City or town, state, and ZIP code
OKLAHOMA CITY, OK 73125

## Part I Prepayment Credits

| No. | Name and address of corporation | Employer identification number | Prepayment Credits: Portion of Form 7004 tax deposits | Prepayment Credits: Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 1 | Common parent corporation | | 0. | 26,200,307. |
| 2 | Subsidiary corporations: Schedule Attached | | 0. | 0. |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| | Totals (Must equal amounts shown on the consolidated tax return) ▶ | | 0. | 26,200,307. |

## Part II Voting Stock Information, Principal Business Activity, Etc. (See instructions.)

| No. | Principal business activity (PBA) | PBA Code No. | Did the subsidiary make any nondividend distributions? (See instructions.) Yes | No | Stock holdings at beginning of year: Number of shares | Percent of voting power | Percent of value | Owned by corp. no. |
|---|---|---|---|---|---|---|---|---|
| 1 | Common parent corporation | | | | | | | |
| 2 | Subsidiary corporations: Schedule Attached | | | | | % | % | |
| 3 | | | | | | % | % | |
| 4 | | | | | | % | % | |
| 5 | | | | | | % | % | |
| 6 | | | | | | % | % | |
| 7 | | | | | | % | % | |
| 8 | | | | | | % | % | |
| 9 | | | | | | % | % | |
| 10 | | | | | | % | % | |

For Paperwork Reduction Act Notice, see instructions.

Form **851** (Rev. 9-94)

H733 85112 NTF 8754

**Part III Changes in Stock Holdings During the Year** (See instructions.)

| Corporation | | Stock-holder (Corporation No.) | Change in stock holdings during the year | | | | |
|---|---|---|---|---|---|---|---|
| | | | | (a) Changes | | (b) Shares held after changes described in column (a) | |
| No. | Name | | Date | Shares acquired | Shares disposed of | Percent of voting power | Percent of value |
| | Schedule Attached | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |

**Note:** If additional stock was issued, or if any stock was retired during the year, show the dates and amounts for these transactions.

**If the equitable owners of any capital stock shown above were other than holders of record, give full details.**

## Part IV Additional Information (See instructions.)

1 During the tax year, did the corporation have more than one class of stock outstanding?

| No. | Name | Answer to Question 1 Yes | No | If yes, list and describe each class of stock. |
|---|---|---|---|---|
| | Schedule Attached | | | |
| | | | | |
| | | | | |
| | | | | |

2 During the tax year, was there any member of the consolidated group that reaffiliated within 60 months of disaffiliation, or was there any member of the affiliated group that was deconsolidated under Rev. Proc. 91-11, 1991-1 C.B. 470 (as modified by Rev. Proc. 91-39, 1991-2 C.B. 694)?

| No. | Name | Answer to Question 2 Yes | No | If yes for any part of question 2, list and explain the circumstances. |
|---|---|---|---|---|
| | Schedule Attached | | | |
| | | | | |
| | | | | |
| | | | | |

3a During the tax year, was there any arrangement in existence by which one or more persons that were not members of the affiliated group could acquire any stock, or acquire any voting power without acquiring stock, in the corporation, other than a de minimis amount, from the corporation or another member of the affiliated group?

| No. | Name | Answer to Question 3a Yes | No | Item 3b (see instructions) | Item 3c (see instructions) | Item 3d (see instructions) |
|---|---|---|---|---|---|---|
| | Schedule Attached | | | % | % | % |
| | | | | % | % | % |
| | | | | % | % | % |
| | | | | % | % | % |

| No. | Item 3e -- Description of arrangements. |
|---|---|
| | |
| | |
| | |
| | |

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this form, including accompanying statements, and to the best of my knowledge and belief, it is true, correct, and complete for the tax year as stated.

[signature] 9.16.96 ASSISTANT TREASURER

Signature of officer MARK M. VEAZEY Date Title

H733 8513 NTF 6756

KERR-McGEE CORPORATION - 73-0311467 (CO. #1)
A SCHEDULE ATTACHED TO AND MADE PART OF
CONSOLIDATED CORPORATION INCOME TAX RETURN
FOR THE TAXABLE YEAR ENDED DECEMBER 31, 1995

Schedule of Subsidiary Corporations (Form 851)

Part II

| Co. # | Name and Address | Employer Identification Number | PBA Code Number | Did The Subsidiary Make Any Nondividend Distributions? Yes | No | Stockholdings at Beginning of Year: Number of Shares | % Voting Power | % Of Value | Owned by Corp. No. |
|---|---|---|---|---|---|---|---|---|---|
| 2 | Benedum-Trees Oil Company, Oklahoma City, Oklahoma | 25-0350960 | 1380 | | X | 1,000 | 100% | 100% | 1 |
| 3 | Cato Property Co., Oklahoma City, Oklahoma | 73-1470552 | 2998 | | X | 0 | 0% | 0% | 19 |
| 4 | Cimarron Corporation, Oklahoma City, Oklahoma | 73-1328735 | 1098 | | X | 1,000 | 100% | 100% | 1 |
| 5 | Edgebrook Development Corporation, Oklahoma City, Oklahoma | 73-1218902 | 6550 | | X | 1,000 | 100% | 100% | 1 |
| 6 | Gains, Inc., Beckley, West Virginia | 55-0674383 | 1150 | | X | 100 | 100% | 100% | 9 |
| 7 | Jacobs Land & Livestock Co., Gillette, Wyoming | 83-0188658 | 0400 | | X | 420 | 100% | 100% | 1 |
| 8 | Kerr-McGee Chemical Corporation, Oklahoma City, Oklahoma | 73-0766547 | 2815 | | X | 100,000 | 100% | 100% | 1 |
| 9 | Kerr-McGee Coal Corporation, Oklahoma City, Oklahoma | 73-0956301 | 1150 | | X | 1,000 | 100% | 100% | 1 |
| 10 | Kerr-McGee Credit Corporation, Oklahoma City, Oklahoma | 73-1025027 | 6199 | | X | 100,000 | 100% | 100% | 1 |
| 11 | Kerr-McGee Leasing Corporation, Oklahoma City, Oklahoma | 73-1131895 | 6518 | | X | 1,000 | 100% | 100% | 10 |
| 12 | Kerr-McGee Natural Gas, Inc., Oklahoma City, Oklahoma | 73-1285161 | 5170 | | X | 1,000 | 100% | 100% | 1 |
| 13 | Kerr-McGee of Canada Northwest, Ltd., Calgary, Alberta, Canada | None | 1380 | | X | 5,000 | 100% | 100% | 1 |
| 14 | Kerr-McGee Pipeline Corp., Oklahoma City, Oklahoma | 73-0766549 | 1380 | | X | 500 | 100% | 100% | 1 |
| 15 | Kerr-McGee Refining Corporation, Oklahoma City, Oklahoma | 73-0974954 | 2910 | | X | 1,000 | 100% | 100% | 1 |
| 16 | K-M Insurance Company, Oklahoma City, Oklahoma | 73-1339817 | 6359 | | X | 1,000 | 100% | 100% | 1 |
| 17 | K-M Javelina, Inc., Oklahoma City, Oklahoma | 73-1330775 | 2998 | | X | 1,000 | 100% | 100% | 1 |
| 18 | KM International Insurance Ltd., Hamilton, Bermuda | None | 6359 | | X | 120,000 | 100% | 100% | 1 |
| 19 | KM Oil and Grease Co., Oklahoma City, Oklahoma (Formerly Cato Oil and Grease Co.) | 73-0176320 | 2998 | | X | 1,750 | 100% | 100% | 15 |
| 20 | KM Railcar Leasing Corporation, Oklahoma City, Oklahoma | 73-1133631 | 6518 | | X | 1,000 | 100% | 100% | 11 |
| 21 | KM Texas Pipeline Corporation, Oklahoma City, Oklahoma | 73-1256820 | 1380 | | X | 1,000 | 100% | 100% | 1 |
| 22 | KM Transportation Leasing Corporation, Oklahoma City, Oklahoma | 73-1133634 | 6518 | | X | 1,000 | 100% | 100% | 11 |
| 23 | Moss-American Corporation, Oklahoma City, Oklahoma | 73-0969402 | 2498 | | X | 1,000 | 100% | 100% | 1 |
| 24 | Nemo Pipeline Company, Oklahoma City, Oklahoma | 73-0801088 | 1380 | | X | 100 | 100% | 100% | 1 |
| 25 | NF Leasing Corporation, Oklahoma City, Oklahoma | 73-1095574 | 6518 | | X | 1,000 | 100% | 100% | 10 |
| 26 | Notti Gathering Company, Oklahoma City, Oklahoma | 73-1477524 | 2910 | | X | 0 | 0% | 0% | 15 |
| 27 | Pioneer Fuel Corporation, Beckley, West Virginia | 55-0545211 | 1150 | | X | 10,000 | 100% | 100% | 6 |
| 28 | P&P Land Co., Oklahoma City, Oklahoma | 73-1450043 | 4500 | | X | 10,000 | 100% | 100% | 1 |
| 29 | Royal Petroleum Co., Oklahoma City, Oklahoma | 73-1168715 | 1380 | | X | 1,000 | 100% | 100% | 1 |
| 30 | Southwestern Refining Company, Inc., Corpus Christi, Texas | 73-0960164 | 2910 | | X | 1,000 | 100% | 100% | 15 |
| 31 | Transworld Drilling Company, Oklahoma City, Oklahoma | 73-0755837 | 1380 | | X | 50,000 | 100% | 100% | 1 |
| 32 | Triangle Realty Company, Houston, Texas | 74-6034363 | 6518 | | X | 3,000 | 100% | 100% | 15 |
| 33 | Triple S, Inc., Oklahoma City, Oklahoma | 73-1415116 | 2998 | | X | 1,000 | 100% | 100% | 1 |

KERR-McGEE CORPORATION - 73-0311467 (CO. #1)
A SCHEDULE ATTACHED TO AND MADE PART OF
CONSOLIDATED CORPORATION INCOME TAX RETURN
FOR THE TAXABLE YEAR ENDED DECEMBER 31, 1995

Schedule of Subsidiary Corporations (Form 851)

| | | | Part III | | | | |
|---|---|---|---|---|---|---|---|
| | | | Changes In Stock Holdings During Year | | | | |
| | | | | Changes | | Shares Held After Changes | |
| Co. # | Name and Address | Owned By Corp. | Date | Shares Acquired | Shares Disposed | % Of Voting Power | % Of Value |
| 3 | Cato Property Co., Oklahoma City, Oklahoma | 19 | 03/15/95 | 1,000 | - | 100% | 100% |
| 26 | Notti Gathering Company, Oklahoma City, Oklahoma | 15 | 07/25/95 | 1,000 | - | 100% | 100% |
| 3 | Cato Property Co., Oklahoma City, Oklahoma | 19 | 05/01/95 | - | 1,000 | 0% | 0% |
| 21 | KM Texas Pipeline Corporation, Oklahoma City, Oklahoma | 1 | 11/16/95 | - | 1,000 | 0% | 0% |
| 26 | Notti Gathering Company, Oklahoma City, Oklahoma | 15 | 08/01/95 | - | 1,000 | 0% | 0% |

| | | Part IV | | | | | |
|---|---|---|---|---|---|---|---|
| | | Answer to Question 1: | | Answer to Question 2: | | Answer to Question 3(a): | |
| Co. # | Name and Address | Yes | No | Yes | No | Yes | No |
| 2 | Benedum-Trees Oil Company, Oklahoma City, Oklahoma | | X | | X | | X |
| 3 | Cato Property Co., Oklahoma City, Oklahoma | | X | | X | | X |
| 4 | Cimarron Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 5 | Edgebrook Development Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 6 | Gains, Inc., Beckley, West Virginia | | X | | X | | X |
| 7 | Jacobs Land & Livestock Co., Gillette, Wyoming | | X | | X | | X |
| 8 | Kerr-McGee Chemical Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 9 | Kerr-McGee Coal Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 10 | Kerr-McGee Credit Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 11 | Kerr-McGee Leasing Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 12 | Kerr-McGee Natural Gas, Inc., Oklahoma City, Oklahoma | | X | | X | | X |
| 13 | Kerr-McGee of Canada Northwest, Ltd., Calgary, Alberta, Canada | | X | | X | | X |
| 14 | Kerr-McGee Pipeline Corp., Oklahoma City, Oklahoma | | X | | X | | X |
| 15 | Kerr-McGee Refining Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 16 | K-M Insurance Company, Oklahoma City, Oklahoma | | X | | X | | X |
| 17 | K-M Javelina, Inc., Oklahoma City, Oklahoma | | X | | X | | X |
| 18 | KM International Insurance Ltd., Hamilton, Bermuda | | X | | X | | X |
| 19 | KM Oil and Grease Co., Oklahoma City, Oklahoma (Formerly Cato Oil and Grease Co.) | | X | | X | | X |
| 20 | KM Railcar Leasing Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 21 | KM Texas Pipeline Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 22 | KM Transportation Leasing Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 23 | Moss-American Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 24 | Nemo Pipeline Company, Oklahoma City, Oklahoma | | X | | X | | X |
| 25 | NF Leasing Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 26 | Notti Gathering Company, Oklahoma City, Oklahoma | | X | | X | | X |
| 27 | Pioneer Fuel Corporation, Beckley, West Virginia | | X | | X | | X |
| 28 | P&P Land Co., Oklahoma City, Oklahoma | | X | | X | | X |
| 29 | Royal Petroleum Co., Oklahoma City, Oklahoma | | X | | X | | X |
| 30 | Southwestern Refining Company, Inc., Corpus Christi, Texas | | X | | X | | X |
| 31 | Transworld Drilling Company, Oklahoma City, Oklahoma | | X | | X | | X |
| 32 | Triangle Realty Company, Houston, Texas | | X | | X | | X |
| 33 | Triple S, Inc., Oklahoma City, Oklahoma | | X | | X | | X |

# EXHIBIT B

Form **851** (Rev. September 1994) Department of the Treasury Internal Revenue Service

# Affiliations Schedule

▶ File with each consolidated income tax return

Tax year ending 12 31 ,19 96

OMB No. 1545-0025

Common parent corporation: Kerr-McGee Corporation and Subsidiaries

Employer identification number: 73-0311467

Number, street, and room or suite no. (If a P.O. box, see instructions.): Kerr-McGee Center (MT-803)

City or town, state, and ZIP code: Oklahoma City OK 73125

## Part I Prepayment Credits

| No. | Name and address of corporation | Employer identification number | Prepayment Credits: Portion of Form 7004 tax deposits | Prepayment Credits: Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 1 | Common parent corporation. | | | 36,062,766 |
| 2 | Schedule Attached | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| | Totals (Must equal amounts shown on the consolidated tax return) ▶ | | | 36,062,766 |

## Part II Voting Stock Information, Principal Business Activity, Etc. (See instructions.)

| No. | Principal business activity (PBA) | PBA Code No. | Did the subsidiary make any nondividend distributions? (See instructions.) Yes | No | Stock holdings at beginning of year: Number of shares | Percent of voting power | Percent of value | Owned by corporation no. |
|---|---|---|---|---|---|---|---|---|
| 1 | Common parent corporation | | | | | | | |
| 2 | Schedule Attached | | | | | % | % | |
| 3 | | | | | | % | % | |
| 4 | | | | | | % | % | |
| 5 | | | | | | % | % | |
| 6 | | | | | | % | % | |
| 7 | | | | | | % | % | |

For Paperwork Reduction Act Notice, see instr.

Copyright (c) 1991 form software only Center Piece Software, Inc.

Kerr-McGee Corporation and Subsidiaries 73-0311467

Form 851 (Rev. 9-94) Page 2

## Part III Changes in Stock Holdings During the Year (See instructions.)

| Corporation | | Stock-holder (Corp. No.) | Change in stock holdings during the year | | | | |
|---|---|---|---|---|---|---|---|
| | | | Date | (a) Changes | | (b) Shares held after changes described in column (a) | |
| No. | Name | | | Shares acquired | Shares disposed of | Percent of voting power | Percent of value |
| | Schedule Attached | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |

**Note:** If additional stock was issued, or if any stock was retired during the year, show the dates and amounts for these transactions.

**If the equitable owners of any capital stock shown above were other than the holders of record, give full details.**



Copyright (c) 1991 form software only Center Piece Software, Inc.

Kerr-McGee Corporation and Subsidiaries 73-0311467

Form 851 (Rev. 9-94) Page 3

## Part IV Additional Information (See instructions.)

1 During the tax year, did the corporation have more than one class of stock outstanding?

| No. | Name | Answer to Question 1 Yes | No | If yes, list and describe each class of stock. |
|---|---|---|---|---|
| | Schedule Attached | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

2 During the tax year, was there any member of the consolidated group that reaffiliated within 60 months of disaffiliation, or was there any member of the affiliated group that was deconsolidated under Rev. Proc. 91-11, 1991-1 C.B. 470 (as modified by Rev. Proc. 91-39, 1991-2 C.B. 694)?

| No. | Name | Answer to Question 2 Yes | No | If yes for any part of question 2, list and explain the circumstances. |
|---|---|---|---|---|
| | Schedule Attached | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

3a During the tax year, was there any arrangement in existence by which one or more persons that were not members of the affiliated group could acquire any stock, or acquire any voting power without acquiring stock, in the corporation, other than a de minimis amount, from the corporation or another member of the affiliated group?

| No. | Name | Answer to Question 3a Yes | No | Item 3b (see instructions) | Item 3c (see instructions) | Item 3d (see instructions) |
|---|---|---|---|---|---|---|
| | Schedule Attached | | | % | % | % |
| | | | | % | % | % |
| | | | | % | % | % |
| | | | | % | % | % |
| | | | | % | % | % |
| | | | | % | % | % |
| | | | | % | % | % |

| No. | Item 3e – Description of arrangements. |
|---|---|
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this form, including accompanying statements, and to the best of my knowledge and belief, it is true, correct, and complete for the tax year as stated.

Mark M. Veazey ORIGINAL SIGNED BY M. M. VEAZEY 09/15/97 Assistant Treasurer

Signature of officer Date Title

 Copyright (c) 1991 form software only Center Piece Software, Inc. 

KERR-McGEE CORPORATION - 73-0311467 (CO. #1)
A SCHEDULE ATTACHED TO AND MADE PART OF
CONSOLIDATED CORPORATION INCOME TAX RETURN
FOR THE TAXABLE YEAR ENDED DECEMBER 31, 1996

Schedule of Subsidiary Corporations (Form 851)

Part II

| Co. # | Name and Address | Employer Identification Number | PBA Code Number | Did The Subsidiary Make Any Nondividend Distributions? Yes | No | Stockholdings at Beginning of Year: Number of Shares | % Voting Power | % Of Value | Owned by Corp. No. |
|---|---|---|---|---|---|---|---|---|---|
| 2 | Benedum-Trees Oil Company, Oklahoma City, Oklahoma | 25-0350960 | 1380 | | X | 1,000 | 100% | 100% | 1 |
| 3 | Cimarron Corporation, Oklahoma City, Oklahoma | 73-1328735 | 1098 | | X | 1,000 | 100% | 100% | 1 |
| 4 | Edgebrook Development Corporation, Oklahoma City, Oklahoma | 73-1218902 | 6550 | | X | 1,000 | 100% | 100% | 1 |
| 5 | Gains, Inc., Beckley, West Virginia | 55-0674383 | 1150 | | X | 100 | 100% | 100% | 8 |
| 6 | Jacobs Land & Livestock Co., Gillette, Wyoming | 83-0188658 | 0400 | | X | 420 | 100% | 100% | 1 |
| 7 | Kerr-McGee Chemical Corporation, Oklahoma City, Oklahoma | 73-0766547 | 2815 | | X | 100,000 | 100% | 100% | 1 |
| 8 | Kerr-McGee Coal Corporation, Oklahoma City, Oklahoma | 73-0956301 | 1150 | | X | 1,000 | 100% | 100% | 1 |
| 9 | Kerr-McGee Credit Corporation, Oklahoma City, Oklahoma | 73-1025027 | 6199 | | X | 100,000 | 100% | 100% | 1 |
| 10 | Kerr-McGee Leasing Corporation, Oklahoma City, Oklahoma | 73-1131895 | 6518 | | X | 1,000 | 100% | 100% | 9 |
| 11 | Kerr-McGee Natural Gas, Inc., Oklahoma City, Oklahoma | 73-1285161 | 5170 | | X | 1,000 | 100% | 100% | 1 |
| 12 | Kerr-McGee North American Onshore Corporation, Oklahoma City, Oklahoma | 73-1503378 | 1380 | | X | 0 | 0% | 0% | 1 |
| 13 | Kerr-McGee of Canada Northwest, Ltd., Calgary, Alberta, Canada | None | 1380 | | X | 5,000 | 100% | 100% | 1 |
| 14 | Kerr-McGee Pipeline Corp., Oklahoma City, Oklahoma | 73-0766549 | 1380 | | X | 500 | 100% | 100% | 1 |
| 15 | Kerr-McGee Refining Corporation, Oklahoma City, Oklahoma | 73-0974954 | 2910 | | X | 1,000 | 100% | 100% | 1 |
| 16 | K-M Insurance Company, Oklahoma City, Oklahoma | 73-1339817 | 6359 | | X | 1,000 | 100% | 100% | 1 |
| 17 | K-M Javelina, Inc., Oklahoma City, Oklahoma | 73-1330775 | 2998 | | X | 1,000 | 100% | 100% | 1 |
| 18 | KM International Insurance Ltd., Hamilton, Bermuda | None | 6359 | | X | 120,000 | 100% | 100% | 1 |
| 19 | KM Oil and Grease Co., Oklahoma City, Oklahoma | 73-0176320 | 2998 | | X | 1,750 | 100% | 100% | 15 |
| 20 | KM Railcar Leasing Corporation, Oklahoma City, Oklahoma | 73-1133631 | 6518 | | X | 1,000 | 100% | 100% | 10 |
| 21 | KM Transportation Leasing Corporation, Oklahoma City, Oklahoma | 73-1133634 | 6518 | | X | 1,000 | 100% | 100% | 10 |
| 22 | Moss-American Corporation, Oklahoma City, Oklahoma | 73-0969402 | 2498 | | X | 1,000 | 100% | 100% | 1 |
| 23 | Nemo Pipeline Company, Oklahoma City, Oklahoma | 73-0801088 | 1380 | | X | 100 | 100% | 100% | 1 |
| 24 | NF Leasing Corporation, Oklahoma City, Oklahoma | 73-1095574 | 6518 | | X | 1,000 | 100% | 100% | 9 |
| 25 | Pioneer Fuel Corporation, Beckley, West Virginia | 55-0545211 | 1150 | | X | 10,000 | 100% | 100% | 5 |
| 26 | P&P Land Co., Oklahoma City, Oklahoma | 73-1450043 | 4500 | | X | 10,000 | 100% | 100% | 1 |
| 27 | Royal Petroleum Co., Oklahoma City, Oklahoma | 73-1168715 | 1380 | | X | 1,000 | 100% | 100% | 1 |
| 28 | Southwestern Refining Company, Inc., Corpus Christi, Texas | 73-0960164 | 2910 | | X | 1,000 | 100% | 100% | 15 |
| 29 | Transworld Drilling Company, Oklahoma City, Oklahoma | 73-0755837 | 1380 | | X | 50,000 | 100% | 100% | 1 |
| 30 | Triangle Realty Company, Houston, Texas | 74-6034363 | 6518 | | X | 3,000 | 100% | 100% | 15 |
| 31 | Triple S, Inc., Oklahoma City, Oklahoma | 73-1415116 | 2998 | | X | 1,000 | 100% | 100% | 1 |

KERR-McGEE CORPORATION - 73-0311467 (CO. #1)
A SCHEDULE ATTACHED TO AND MADE PART OF
CONSOLIDATED CORPORATION INCOME TAX RETURN
FOR THE TAXABLE YEAR ENDED DECEMBER 31, 1996

Schedule of Subsidiary Corporations (Form 851)

Part III

| Co. # | Name and Address | Owned By Corp. | Date | Changes In Stock Holdings During Year: Changes: Shares Acquired | Shares Disposed | Shares Held After Changes: % Of Voting Power | % Of Value |
|---|---|---|---|---|---|---|---|
| 1 | Gains, Inc., Beckley, West Virginia | 8 | 01/26/96 | - | 100 | 0% | 0% |
| 12 | Kerr-McGee North American Onshore Corporation, Oklahoma City, Oklahoma | 1 | 09/17/96 | 1,000 | - | 100% | 100% |
| 12 | Kerr-McGee North American Onshore Corporation, Oklahoma City, Oklahoma | 1 | 12/31/96 | - | 1,000 | 0% | 0% |

Part IV

| Co. # | Name and Address | Answer to Question 1: Yes | No | Answer to Question 2: Yes | No | Answer to Question 3(a): Yes | No |
|---|---|---|---|---|---|---|---|
| 2 | Benedum-Trees Oil Company, Oklahoma City, Oklahoma | | X | | X | | X |
| 3 | Cimarron Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 4 | Edgebrook Development Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 5 | Gains, Inc., Beckley, West Virginia | | X | | X | | X |
| 6 | Jacobs Land & Livestock Co., Gillette, Wyoming | | X | | X | | X |
| 7 | Kerr-McGee Chemical Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 8 | Kerr-McGee Coal Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 9 | Kerr-McGee Credit Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 10 | Kerr-McGee Leasing Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 11 | Kerr-McGee Natural Gas, Inc., Oklahoma City, Oklahoma | | X | | X | | X |
| 12 | Kerr-McGee North American Onshore Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 13 | Kerr-McGee of Canada Northwest, Ltd., Calgary, Alberta, Canada | | X | | X | | X |
| 14 | Kerr-McGee Pipeline Corp., Oklahoma City, Oklahoma | | X | | X | | X |
| 15 | Kerr-McGee Refining Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 16 | K-M Insurance Company, Oklahoma City, Oklahoma | | X | | X | | X |
| 17 | K-M Javelina, Inc., Oklahoma City, Oklahoma | | X | | X | | X |
| 18 | KM International Insurance Ltd., Hamilton, Bermuda | | X | | X | | X |
| 19 | KM Oil and Grease Co., Oklahoma City, Oklahoma | | X | | X | | X |
| 20 | KM Railcar Leasing Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 21 | KM Transportation Leasing Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 22 | Moss-American Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 23 | Nemo Pipeline Company, Oklahoma City, Oklahoma | | X | | X | | X |
| 24 | NF Leasing Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 25 | Pioneer Fuel Corporation, Beckley, West Virginia | | X | | X | | X |
| 26 | P&P Land Co., Oklahoma City, Oklahoma | | X | | X | | X |
| 27 | Royal Petroleum Co., Oklahoma City, Oklahoma | | X | | X | | X |
| 28 | Southwestern Refining Company, Inc., Corpus Christi, Texas | | X | | X | | X |
| 29 | Transworld Drilling Company, Oklahoma City, Oklahoma | | X | | X | | X |
| 30 | Triangle Realty Company, Houston, Texas | | X | | X | | X |
| 31 | Triple S, Inc., Oklahoma City, Oklahoma | | X | | X | | X |

# EXHIBIT C

Form **851** (Rev. August 1997)
Department of the Treasury
Internal Revenue Service

# Affiliations Schedule

▶ File with each consolidated income tax return

Tax year ending 12-31 , 1997

OMB No. 1545-0025

Common parent corporation: Kerr-McGee Corporation and Subsidiaries

Employer identification number: 73-0311467

Number, street, and room or suite no. (If a P.O. box, see instructions.): Kerr-McGee Center (MT-803)

City or town, state, and ZIP code: Oklahoma City, OK 73125

## Part I Prepayment Credits

| No. | Name and address of corporation | Employer identification number | Prepayment Credits: Portion of Form 7004 tax deposits | Prepayment Credits: Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 1 | Common parent corporation | | | 17,600,000 |
| | Subsidiary corporations: | | | |
| 2 | Schedule Attached | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| | Totals (Must equal amounts shown on the consolidated tax return) ▶ | | | 17,600,000 |

## Part II Voting Stock Information, Principal Business Activity, Etc. (See instructions.)

| No. | Principal business activity (PBA) | PBA Code No. | Did the subsidiary make any nondividend distributions? (See instructions.) Yes | No | Stock holdings at beginning of year: Number of shares | Percent of voting power | Percent of value | Owned by corporation no. |
|---|---|---|---|---|---|---|---|---|
| 1 | Common parent corporation | | | | | | | |
| | Subsidiary corporations: | | | | | | | |
| 2 | Schedule Attached | | | | | % | % | |
| 3 | | | | | | % | % | |
| 4 | | | | | | % | % | |
| 5 | | | | | | % | % | |
| 6 | | | | | | % | % | |
| 7 | | | | | | % | % | |
| 8 | | | | | | % | % | |
| 9 | | | | | | % | % | |
| 10 | | | | | | % | % | |

Form 851 (Rev. 8-97) Page 2

**Part III Changes in Stock Holdings During the Year** (See instructions.)

| Corporation | | Stock-holder (Corp. No.) | Change in stock holdings during the year | | | | |
|---|---|---|---|---|---|---|---|
| | | | Date | (a) Changes | | (b) Shares held after changes described in column (a) | |
| No. | Name | | | Shares acquired | Shares disposed of | Percent of voting power | Percent of value |
| | Schedule Attached | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |

**Note:** If additional stock was issued, or if any stock was retired during the year, show the dates and amounts for these transactions.

**If the equitable owners of any capital stock shown above were other than the holders of record, give full details.**

Form 851 (Rev. 8-97) Page 3

**Part IV Additional Information** (See instructions.)

1 During the tax year, did the corporation have more than one class of stock outstanding?

| No. | Name | Answer to Question 1 Yes | No | If yes, list and describe each class of stock. |
|---|---|---|---|---|
| | Schedule Attached | | | |
| | | | | |
| | | | | |
| | | | | |

2 During the tax year, was there any member of the consolidated group that reaffiliated within 60 months of disaffiliation, or was there any member of the affiliated group that was deconsolidated under Rev. Proc. 91-11, 1991-1 C.B. 470 (as modified by Rev. Proc. 91-39, 1991-2 C.B. 694), Rev. Proc. 95-11, 1995-1 C.B. 505, or Rev. Proc. 95-39, 1995-2 C.B. 399?

| No. | Name | Answer to Question 2 Yes | No | If yes for any part of question 2, list and explain the circumstances. |
|---|---|---|---|---|
| | Schedule Attached | | | |
| | | | | |
| | | | | |
| | | | | |

3a During the tax year, was there any arrangement in existence by which one or more persons that were not members of the affiliated group could acquire any stock, or acquire any voting power without acquiring stock, in the corporation, other than a de minimis amount, from the corporation or another member of the affiliated group?

| No. | Name | Answer to Question 3a Yes | No | Item 3b (see instructions) | Item 3c (see instructions) | Item 3d (see instructions) |
|---|---|---|---|---|---|---|
| | Schedule Attached | | | % | % | % |
| | | | | % | % | % |
| | | | | % | % | % |
| | | | | % | % | % |

| No. | Item 3e - Description of arrangements. |
|---|---|
| | |
| | |
| | |
| | |

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this form, including accompanying statements, and to the best of my knowledge and belief, it is true, correct, and complete for the tax year as stated.

ORIGINAL SIGNED BY M. M. VEAZEY | 9/15/98 | Assistant Treasurer

Signature of officer Mark M. Veazey — Date — Title

KERR-McGEE CORPORATION - 73-0311467 (CO. #1)
A SCHEDULE ATTACHED TO AND MADE PART OF
CONSOLIDATED CORPORATION INCOME TAX RETURN
FOR THE TAXABLE YEAR ENDED DECEMBER 31, 1997

Schedule of Subsidiary Corporations (Form 851)

Part II

| Co. # | Name and Address | Employer Identification Number | PBA Code Number | Did The Subsidiary Make Any Nondividend Distributions? Yes | No | Stockholdings at Beginning of Year: Number of Shares | % Voting Power | % Of Value | Owned by Corp. No. |
|---|---|---|---|---|---|---|---|---|---|
| 2 | Benedum-Trees Oil Company, Oklahoma City, Oklahoma | 25-0350960 | 1380 | | X | 1,000 | 100% | 100% | 1 |
| 3 | Cimarron Corporation, Oklahoma City, Oklahoma | 73-1328735 | 1098 | | X | 1,000 | 100% | 100% | 1 |
| 4 | Edgebrook Development Corporation, Oklahoma City, Oklahoma | 73-1218902 | 6550 | | X | 1,000 | 100% | 100% | 1 |
| 5 | Jacobs Land & Livestock Co., Gillette, Wyoming | 83-0188658 | 0400 | | X | 420 | 100% | 100% | 1 |
| 6 | Kerr-McGee Chemical Corporation, Oklahoma City, Oklahoma | 73-0766547 | 2815 | | X | 100,000 | 100% | 100% | 1 |
| 7 | Kerr-McGee Coal Corporation, Oklahoma City, Oklahoma | 73-0956301 | 1150 | | X | 1,000 | 100% | 100% | 1 |
| 8 | Kerr-McGee Credit Corporation, Oklahoma City, Oklahoma | 73-1025027 | 6199 | | X | 100,000 | 100% | 100% | 1 |
| 9 | Kerr-McGee Leasing Corporation, Oklahoma City, Oklahoma | 73-1131895 | 6518 | | X | 1,000 | 100% | 100% | 8 |
| 10 | Kerr-McGee Natural Gas, Inc., Oklahoma City, Oklahoma | 73-1285161 | 5170 | | X | 1,000 | 100% | 100% | 1 |
| 11 | Kerr-McGee Oil & Gas Corporation, Houston, Texas | 76-0544357 | 1330 | | X | 0 | 0% | 0% | 1 |
| 12 | Kerr-McGee of Canada Northwest, Ltd., Calgary, Alberta, Canada | None | 1380 | | X | 5,000 | 100% | 100% | 1 |
| 13 | Kerr-McGee Pipeline Corp., Oklahoma City, Oklahoma | 73-0766549 | 1380 | | X | 500 | 100% | 100% | 1 |
| 14 | Kerr-McGee Refining Corporation, Oklahoma City, Oklahoma | 73-0974954 | 2910 | | X | 1,000 | 100% | 100% | 1 |
| 15 | K-M Insurance Company, Oklahoma City, Oklahoma | 73-1339817 | 6359 | | X | 1,000 | 100% | 100% | 1 |
| 16 | K-M Javelina, Inc., Oklahoma City, Oklahoma | 73-1330775 | 2998 | | X | 1,000 | 100% | 100% | 1 |
| 17 | KM International Insurance Ltd., Hamilton, Bermuda | None | 6359 | | X | 120,000 | 100% | 100% | 1 |
| 18 | KM Transportation Leasing Corporation, Oklahoma City, Oklahoma | 73-1133634 | 6518 | | X | 1,000 | 100% | 100% | 9 |
| 19 | Moss-American Corporation, Oklahoma City, Oklahoma | 73-0969402 | 2498 | | X | 1,000 | 100% | 100% | 1 |
| 20 | Nemo Pipeline Company, Oklahoma City, Oklahoma | 73-0801088 | 1380 | | X | 100 | 100% | 100% | 1 |
| 21 | P&P Land Co., Oklahoma City, Oklahoma | 73-1450043 | 4500 | | X | 10,000 | 81.26% | 81.26% | 1 |
| 22 | Royal Petroleum Co., Oklahoma City, Oklahoma | 73-1168715 | 1380 | | X | 1,000 | 100% | 100% | 1 |
| 23 | Southwestern Refining Company, Inc., Corpus Christi, Texas | 73-0960164 | 2910 | | X | 1,000 | 100% | 100% | 1 |
| 24 | Transworld Drilling Company, Oklahoma City, Oklahoma | 73-0755837 | 1380 | | X | 50,000 | 100% | 100% | 14 |
| 25 | Triangle Realty Company, Houston, Texas | 74-6034363 | 6518 | | X | 3,000 | 100% | 100% | 1 |
| 26 | Triple S, Inc., Oklahoma City, Oklahoma | 73-1415116 | 2998 | | X | 1,000 | 100% | 100% | 14 |

KERR-McGEE CORPORATION - 73-0311467 (CO. #1)
A SCHEDULE ATTACHED TO AND MADE PART OF
CONSOLIDATED CORPORATION INCOME TAX RETURN
FOR THE TAXABLE YEAR ENDED DECEMBER 31, 1997

Schedule of Subsidiary Corporations (Form 851)

| | | Part III | | | | | |
|---|---|---|---|---|---|---|---|
| | | | Changes In Stock Holdings During Year | | | | |
| | | | | Changes | | Shares Held After Changes | |
| Co. # | Name and Address | Owned By Corp. | Date | Shares Acquired | Shares Disposed | % Of Voting Power | % Of Value |
| 11 | Kerr-McGee Oil & Gas Corporation, Houston, Texas | 1 | 07/15/97 | 1,000 | - | 100% | 100% |

| | | Part IV | | | | | |
|---|---|---|---|---|---|---|---|
| | | Answer to Question 1: | | Answer to Question 2: | | Answer to Question 3(a): | |
| Co. # | Name and Address | Yes | No | Yes | No | Yes | No |
| 2 | Benedum-Trees Oil Company, Oklahoma City, Oklahoma | | X | | X | | X |
| 3 | Cimarron Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 4 | Edgebrook Development Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 5 | Jacobs Land & Livestock Co., Gillette, Wyoming | | X | | X | | X |
| 6 | Kerr-McGee Chemical Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 7 | Kerr-McGee Coal Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 8 | Kerr-McGee Credit Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 9 | Kerr-McGee Leasing Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 10 | Kerr-McGee Natural Gas, Inc., Oklahoma City, Oklahoma | | X | | X | | X |
| 11 | Kerr-McGee Oil & Gas Corporation, Houston, Texas | | X | | X | | X |
| 12 | Kerr-McGee of Canada Northwest, Ltd., Calgary, Alberta, Canada | | X | | X | | X |
| 13 | Kerr-McGee Pipeline Corp., Oklahoma City, Oklahoma | | X | | X | | X |
| 14 | Kerr-McGee Refining Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 15 | K-M Insurance Company, Oklahoma City, Oklahoma | | X | | X | | X |
| 16 | K-M Javelina, Inc., Oklahoma City, Oklahoma | | X | | X | | X |
| 17 | KM International Insurance Ltd., Hamilton, Bermuda | | X | | X | | X |
| 18 | KM Transportation Leasing Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 19 | Moss-American Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 20 | Nemo Pipeline Company, Oklahoma City, Oklahoma | | X | | X | | X |
| 21 | P&P Land Co., Oklahoma City, Oklahoma | | X | | X | | X |
| 22 | Royal Petroleum Co., Oklahoma City, Oklahoma | | X | | X | | X |
| 23 | Southwestern Refining Company, Inc., Corpus Christi, Texas | | X | | X | | X |
| 24 | Transworld Drilling Company, Oklahoma City, Oklahoma | | X | | X | | X |
| 25 | Triangle Realty Company, Houston, Texas | | X | | X | | X |
| 26 | Triple S, Inc., Oklahoma City, Oklahoma | | X | | X | | X |

# EXHIBIT D

Form **851** (Rev. August 1997)
Department of the Treasury
Internal Revenue Service

# Affiliations Schedule

▶ File with each consolidated income tax return

Tax year ending 12-31 , 1998

OMB No. 1545-0025

Common parent corporation: Kerr-McGee Corporation and Subsidiaries

Employer identification number: 73-0311467

Number, street, and room or suite no. (If a P.O. box, see instructions.): Kerr-McGee Center (MT-803)

City or town, state, and ZIP code: Oklahoma City, OK 73125

**Part I — Prepayment Credits**

| No. | Name and address of corporation | Employer identification number | Prepayment Credits: Portion of Form 7004 tax deposits | Prepayment Credits: Portion of estimated tax credits and deposits |
|---|---|---|---|---|
| 1 | Common parent corporation | | | 67,307,549 |
| 2 | Subsidiary corporations: Schedule Attached | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| | Totals (Must equal amounts shown on the consolidated tax return) ▶ | | | 67,307,549 |

**Part II — Voting Stock Information, Principal Business Activity, Etc.** (See instructions.)

| No. | Principal business activity (PBA) | PBA Code No. | Did the subsidiary make any nondividend distributions? (See instructions.) Yes | No | Stock holdings at beginning of year: Number of shares | Percent of voting power | Percent of value | Owned by corporation no. |
|---|---|---|---|---|---|---|---|---|
| 1 | Common parent corporation | | | | | | | |
| 2 | Subsidiary corporations: Schedule Attached | | | | | % | % | |
| 3 | | | | | | % | % | |
| 4 | | | | | | % | % | |
| 5 | | | | | | % | % | |
| 6 | | | | | | % | % | |
| 7 | | | | | | % | % | |
| 8 | | | | | | % | % | |
| 9 | | | | | | % | % | |
| 10 | | | | | | % | % | |

Form 851 (Rev. 8-97) Page 2

**Part III Changes in Stock Holdings During the Year** (See instructions.)

| Corporation | | Stockholder (Corp. No.) | Change in stock holdings during the year | | | | |
|---|---|---|---|---|---|---|---|
| | | | Date | (a) Changes | | (b) Shares held after changes described in column (a) | |
| No. | Name | | | Shares acquired | Shares disposed of | Percent of voting power | Percent of value |
| | Schedule Attached | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |

**Note:** If additional stock was issued, or if any stock was retired during the year, show the dates and amounts for these transactions.

**If the equitable owners of any capital stock shown above were other than the holders of record, give full details.**

Form 851 (Rev. 8-97) Page 3

## Part IV Additional Information (See instructions.)

1 During the tax year, did the corporation have more than one class of stock outstanding?

| No. | Name | Answer to Question 1 Yes | No | If yes, list and describe each class of stock. |
|---|---|---|---|---|
| | Schedule Attached | | | |
| | | | | |
| | | | | |
| | | | | |

2 During the tax year, was there any member of the consolidated group that reaffiliated within 60 months of disaffiliation, or was there any member of the affiliated group that was deconsolidated under Rev. Proc. 91-11, 1991-1 C.B. 470 (as modified by Rev. Proc. 91-39, 1991-2 C.B. 694), Rev. Proc. 95-11, 1995-1 C.B. 505, or Rev. Proc. 95-39, 1995-2 C.B. 399?

| No. | Name | Answer to Question 2 Yes | No | If yes for any part of question 2, list and explain the circumstances. |
|---|---|---|---|---|
| | Schedule Attached | | | |
| | | | | |
| | | | | |
| | | | | |

3a During the tax year, was there any arrangement in existence by which one or more persons that were not members of the affiliated group could acquire any stock, or acquire any voting power without acquiring stock, in the corporation, other than a de minimis amount, from the corporation or another member of the affiliated group?

| No. | Name | Answer to Question 3a Yes | No | Item 3b (see instructions) | Item 3c (see instructions) | Item 3d (see instructions) |
|---|---|---|---|---|---|---|
| | Schedule Attached | | | % | % | % |
| | | | | % | % | % |
| | | | | % | % | % |
| | | | | % | % | % |

| No. | Item 3e – Description of arrangements. |
|---|---|
| | |
| | |
| | |
| | |

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this form, including accompanying statements, and to the best of my knowledge and belief, it is true, correct, and complete for the tax year as stated.

ORIGINAL SIGNED BY M. M. VEAZEY | 9/15/99 | Assistant Treasurer

Signature of officer Mark M. Veazey Date Title

KERR-McGEE CORPORATION - 73-0311467 (CO. #1)
A SCHEDULE ATTACHED TO AND MADE PART OF
CONSOLIDATED CORPORATION INCOME TAX RETURN
FOR THE TAXABLE YEAR ENDED DECEMBER 31, 1998

Schedule of Subsidiary Corporations (Form 851)

Part II

| | | | | Did The Subsidiary Make Any Nondividend Distributions? | | Stockholdings at Beginning of Year | | | |
|---|---|---|---|---|---|---|---|---|---|
| Co. # | Name and Address | Employer Identification Number | PBA Code Number | Yes | No | Number of Shares | % Voting Power | % Of Value | Owned by Corp. No. |
| 2 | Benedum-Trees Oil Company, Oklahoma City, Oklahoma | 25-0350960 | 211110 | | X | 1,000 | 100% | 100% | 1 |
| 3 | Cimarron Corporation, Oklahoma City, Oklahoma | 73-1328735 | 212200 | | X | 1,000 | 100% | 100% | 1 |
| 4 | Galatia Coal, Inc., Oklahoma City, Oklahoma | 73-1543124 | 212110 | | X | 0 | 0% | 0% | 7 |
| 5 | Jacobs Land & Livestock Co., Gillette, Wyoming | 83-0188658 | 112111 | | X | 420 | 100% | 100% | 7 |
| 6 | Kerr-McGee Chemical Corporation, Oklahoma City, Oklahoma | 73-0766547 | 325100 | | X | 100,000 | 100% | 100% | 1 |
| 7 | Kerr-McGee Coal Corporation, Oklahoma City, Oklahoma | 73-0956301 | 212110 | | X | 1,000 | 100% | 100% | 1 |
| 8 | Kerr-McGee Credit Corporation, Oklahoma City, Oklahoma | 73-1025027 | 522298 | | X | 100,000 | 100% | 100% | 1 |
| 9 | Kerr-McGee Environmental Management Corporation, Oklahoma City, Oklahoma | 73-1218902 | 531390 | | X | 1,000 | 100% | 100% | 30 |
| 10 | Kerr-McGee Leasing Corporation, Oklahoma City, Oklahoma | 73-1131895 | 531190 | | X | 1,000 | 100% | 100% | 8 |
| 11 | Kerr-McGee Minerals Resources Corporation, Oklahoma City, Oklahoma | 73-1534515 | 212200 | | X | 0 | 0% | 0% | 1 |
| 12 | Kerr-McGee Natural Gas, Inc., Oklahoma City, Oklahoma | 73-1285161 | 422700 | | X | 1,000 | 100% | 100% | 1 |
| 13 | Kerr-McGee Oil & Gas Corporation, Houston, Texas | 76-0544357 | 211110 | | X | 1,000 | 100% | 100% | 1 |
| 14 | Kerr-McGee of Canada Northwest, Ltd., Calgary, Alberta, Canada | None | 211110 | | X | 5,000 | 100% | 100% | 1 |
| 15 | Kerr-McGee Petroleum Properties Corporation, Oklahoma City, Oklahoma | 73-1534516 | 211110 | | X | 0 | 0% | 0% | 1 |
| 16 | Kerr-McGee Pipeline Corp., Oklahoma City, Oklahoma | 73-0766549 | 486000 | | X | 500 | 100% | 100% | 13 |
| 17 | Kerr-McGee Refining Corporation, Oklahoma City, Oklahoma | 73-0974954 | Inactive | | X | 1,000 | 100% | 100% | 1 |
| 18 | K-M Insurance Company, Oklahoma City, Oklahoma | 73-1339817 | 524150 | | X | 1,000 | 100% | 100% | 1 |
| 19 | K-M Javelina, Inc., Oklahoma City, Oklahoma | 73-1330775 | 324190 | | X | 1,000 | 100% | 100% | 21 |
| 20 | KM International Insurance Ltd., Hamilton, Bermuda | None | 524150 | | X | 120,000 | 100% | 100% | 1 |
| 21 | KM Investment Corporation, Henderson, Nevada | 88-0382462 | 523900 | | X | 0 | 0% | 0% | 1 |
| 22 | KM Transportation Leasing Corporation, Oklahoma City, Oklahoma | 73-1133634 | 531190 | | X | 1,000 | 100% | 100% | 10 |
| 23 | Moss-American Corporation, Oklahoma City, Oklahoma | 73-0969402 | Inactive | | X | 1,000 | 100% | 100% | 1 |
| 24 | Nemo Pipeline Company, Oklahoma City, Oklahoma | 73-0801088 | Inactive | | X | 100 | 100% | 100% | 13 |
| 25 | P&P Land Co., Oklahoma City, Oklahoma | 73-1450043 | 481000 | | X | 10,000 | 81.26% | 81.26% | 1 |
| 26 | Royal Petroleum Co., Oklahoma City, Oklahoma | 73-1168715 | Inactive | | X | 1,000 | 100% | 100% | 1 |
| 27 | Southwestern Refining Company, Inc., Corpus Christi, Texas | 73-0960164 | Inactive | | X | 1,000 | 100% | 100% | 17 |
| 28 | Transworld Drilling Company, Oklahoma City, Oklahoma | 73-0755837 | Inactive | | X | 50,000 | 100% | 100% | 1 |
| 29 | Triangle Realty Company, Houston, Texas | 74-6034363 | Inactive | | X | 3,000 | 100% | 100% | 17 |
| 30 | Triple S, Inc., Oklahoma City, Oklahoma | 73-1415116 | 324190 | | X | 1,000 | 100% | 100% | 1 |

KERR-McGEE CORPORATION - 73-0311467 (CO. #1)
A SCHEDULE ATTACHED TO AND MADE PART OF
CONSOLIDATED CORPORATION INCOME TAX RETURN
FOR THE TAXABLE YEAR ENDED DECEMBER 31, 1998

Schedule of Subsidiary Corporations (Form 851)

Part III

| Co. # | Name and Address | Owned By Corp. | Date | Changes in Stock Holdings During Year: Changes: Shares Acquired | Changes: Shares Disposed | Shares Held After Changes: % Of Voting Power | Shares Held After Changes: % Of Value |
|---|---|---|---|---|---|---|---|
| 4 | Galatia Coal, Inc., Oklahoma City, Oklahoma | 7 | 06/02/98 | 1,000 | - | 100% | 100% |
| 4 | Galatia Coal, Inc., Oklahoma City, Oklahoma | 7 | 06/15/98 | - | 1,000 | 0% | 0% |
| 5 | Jacobs Land & Livestock Co., Gillette, Wyoming | 7 | 07/23/98 | - | 420 | 0% | 0% |
| 6 | Kerr-McGee Chemical Corporation, Oklahoma City, Oklahoma | 1 | 01/01/98 | - | 100,000 | 0% | 0% |
| 7 | Kerr-McGee Coal Corporation, Oklahoma City, Oklahoma | 1 | 07/23/98 | - | 1,000 | 0% | 0% |
| 8 | Kerr-McGee Credit Corporation, Oklahoma City, Oklahoma | 1 | 01/01/98 | - | 100,000 | 0% | 0% |
| 11 | Kerr-McGee Minerals Resources Corporation, Oklahoma City, Oklahoma | 1 | 01/05/98 | 1,000 | - | 100% | 100% |
| 15 | Kerr-McGee Petroleum Properties Corporation, Oklahoma City, Oklahoma | 1 | 01/05/98 | 1,000 | - | 100% | 100% |
| 21 | KM Investment Corporation, Henderson, Nevada | 1 | 01/02/98 | *1,000 | - | 100% | 100% |
| 9 | Kerr-McGee Environmental Management Corporation, Oklahoma City, Oklahoma | 30 | 1998 | - | 111 | 90% | 90% |
| 25 | P&P Land Co., Oklahoma City, Oklahoma | 1 | 1998 | **1,000 | - | 100% | 100% |

* 29% Owned Indirectly
** Minority Shareholder Redeemed

Part IV

| Co. # | Name and Address | Answer to Question 1: Yes | Answer to Question 1: No | Answer to Question 2: Yes | Answer to Question 2: No | Answer to Question 3(a): Yes | Answer to Question 3(a): No |
|---|---|---|---|---|---|---|---|
| 2 | Benedum-Trees Oil Company, Oklahoma City, Oklahoma | | X | | X | | X |
| 3 | Cimarron Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 4 | Galatia Coal, Inc., Oklahoma City, Oklahoma | | X | | X | | X |
| 5 | Jacobs Land & Livestock Co., Gillette, Wyoming | | X | | X | | X |
| 6 | Kerr-McGee Chemical Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 7 | Kerr-McGee Coal Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 8 | Kerr-McGee Credit Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 9 | Kerr-McGee Environmental Management Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 10 | Kerr-McGee Leasing Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 11 | Kerr-McGee Minerals Resources Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 12 | Kerr-McGee Natural Gas, Inc., Oklahoma City, Oklahoma | | X | | X | | X |
| 13 | Kerr-McGee Oil & Gas Corporation, Houston, Texas | | X | | X | | X |
| 14 | Kerr-McGee of Canada Northwest, Ltd., Calgary, Alberta, Canada | | X | | X | | X |
| 15 | Kerr-McGee Petroleum Properties Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 16 | Kerr-McGee Pipeline Corp., Oklahoma City, Oklahoma | | X | | X | | X |
| 17 | Kerr-McGee Refining Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 18 | K-M Insurance Company, Oklahoma City, Oklahoma | | X | | X | | X |
| 19 | K-M Javelina, Inc., Oklahoma City, Oklahoma | | X | | X | | X |
| 20 | KM International Insurance Ltd., Hamilton, Bermuda | | X | | X | | X |
| 21 | KM Investment Corporation, Henderson, Nevada | | X | | X | | X |
| 22 | KM Transportation Leasing Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 23 | Moss-American Corporation, Oklahoma City, Oklahoma | | X | | X | | X |
| 24 | Nemo Pipeline Company, Oklahoma City, Oklahoma | | X | | X | | X |
| 25 | P&P Land Co., Oklahoma City, Oklahoma | | X | | X | | X |
| 26 | Royal Petroleum Co., Oklahoma City, Oklahoma | | X | | X | | X |
| 27 | Southwestern Refining Company, Inc., Corpus Christi, Texas | | X | | X | | X |
| 28 | Transworld Drilling Company, Oklahoma City, Oklahoma | | X | | X | | X |
| 29 | Triangle Realty Company, Houston, Texas | | X | | X | | X |
| 30 | Triple S, Inc., Oklahoma City, Oklahoma | | X | | X | | X |