IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-5 T

(Judge Margaret M. Sweeney)

KERR-MCGEE CORPORATION AND SUBSIDIARIES,

Plaintiffs

v.

UNITED STATES,

Defendant

ANSWER TO FIRST AMENDED COMPLAINT

Defendant, the United States, in answer to the first amended complaint of plaintiffs, Kerr-McGee Corporation and subsidiaries, respectfully denies each and every allegation contained therein that is not expressly admitted below. Defendant further responds to each separate paragraph of the amended complaint as follows:

1. Admits that this is an action to recover a refund of Internal Revenue taxes and related interest; admits that the tax years in question are 1995-1997; denies the remaining allegations in paragraph 1 of the amended complaint.

2. Admits that jurisdiction, to the extent it exists, would be based on 28 U.S.C. § 1491; states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the amended complaint.

3. States that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the amended complaint.

4. Admits that the documents identified as Exhibit A to the amended complaint are a copies of the Form 851 filed with the plaintiffs' returns for the years in question, but does not admit or deny the truth of the statements set forth in those documents; states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the amended complaint.

5. Admits the allegations in paragraph 5 of the amended complaint.

6-8. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 6-8 of the amended complaint.

9. Admits the allegations in paragraph 9 of the amended complaint.

10. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the amended complaint.

11-13. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 11-13 of the amended complaint.

14. Admits the allegations in paragraph 14 of the amended complaint.

15. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the amended complaint.

16. In response to the allegations in paragraph 16 of the amended complaint the defendant incorporates and restates its responses to paragraphs 1-15 of the amended complaint.

17. In response to the allegations in sub-paragraph (a) of paragraph 17 of the amended complaint, the defendant admits that the plaintiffs seek a tax refund of $961,001 for the 1995 tax

year; avers that the plaintiff paid $22,666,485.64 of tax in 1995, not $22,684,341.00 as alleged in the amended complaint; admits the schedule of payments set forth in paragraph 17 with two exceptions: (1) the overpayment applied from 1994 was in the amount of $4,331,379.32, not $4,340,307 as alleged in the amended complaint; (2) the refund received on February 19, 1996, was in the amount of $18,991,072.32, not $19,000,000.00 as alleged in the amended complaint; admits the allegations in sub-paragraphs (b)-(d) of paragraph 17 of the amended complaint; in response to the allegations in sub-paragraph (e) of paragraph 17 of the amended complaint, the defendant admits that on December 18, 2003, the plaintiffs filed a claim for refund for the 1995 tax year in the amount of $961,001, and that Exhibit C to the amended complaint is a copy of that claim, however, the defendant does not admit or deny the truth of the statements set forth in that document; denies the remaining allegations in paragraph 17 of the amended complaint.

18-20. Admits the allegations in paragraphs 18-20 of the amended complaint.

21. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 21 of the amended complaint; denies the remaining allegations in paragraph 21 of the amended complaint.

22. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 22 of the amended complaint; denies the remaining allegations in paragraph 22 of the amended complaint.

23. The allegations in paragraph 23 of the amended complaint are entirely legal conclusions to which no response is required.

24. Denies the allegations in paragraph 24 of the amended complaint.

25. In response to sub-paragraph (a) of paragraph 25 of the amended complaint, the defendant admits that the plaintiffs filed a second claim for refund for 1995, seeking a refund of $957,874; in response to the other allegations in sub-paragraph (a) of paragraph 25 of the amended complaint the defendant incorporates and restates its responses to sub-paragraph (a) of paragraph 17 of the amended complaint; in response to the allegations in sub-paragraph (b) of paragraph 25 of the amended complaint the defendant incorporates and reiterates its responses to sub-paragraphs (b)-(d) of paragraph 17 of the amended complaint; in response the allegations in sub-paragraph ©) of paragraph 25 of the amended complaint, the defendant admits that the plaintiffs filed a second claim for refund for 1995 on or about June 28, 2004, and that the document attached to the amended complaint as exhibit E is a copy of that claim, but does not admit or deny the truth of the statements set forth in those documents; denies the remaining allegations in paragraph 25 of the amended complaint.

26-27. Admits the allegations in paragraphs 26 and 27 of the amended complaint.

28. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 28 of the amended complaint; denies the remaining allegations of paragraph 28 of the amended complaint.

29. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 29 of the amended complaint; denies the remaining allegations of paragraph 29 of the amended complaint.

30. Denies the allegations in paragraph 30 of the amended complaint.

31. In response to the allegations set forth in paragraph 31 of the amended complaint the defendant incorporates and restates its responses to paragraphs 1-15 of the amended complaint.

32-35. Admits the allegations set forth in paragraphs 32-35 of the amended complaint and admits that the documents attached as exhibits D and F to the amended complaint are correct copies of the documents referred to, however, the defendant does not admit or deny the truth of the statements set forth in those documents.

36. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 36 of the amended complaint; denies the remaining allegations in paragraph 36 of the amended complaint.

37. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 37 of the amended complaint; denies the remaining allegations in paragraph 37 of the amended complaint.

38. The allegations in paragraph 38 of the amended complaint are entirely legal conclusions to which no response is required.

39. Denies the allegations in paragraph 39 of the amended complaint.

40. Admits the allegations in sub-paragraphs (a)-(b) of paragraph 40 of the amended complaint; in response the allegations in sub-paragraph ©) of paragraph 40 of the amended complaint, the defendant admits that the plaintiffs filed a second claim for refund for 1995 on or about June 28, 2004, and that the document attached to the amended complaint as exhibit G is a copy of that claim, but does not admit or deny the truth of the statements set forth in those documents; denies the remaining allegations in paragraph 40 of the amended complaint.

41-42. Admits the allegations in paragraphs 41 and 42 of the amended complaint.

43. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 43 of the amended complaint; denies the remaining allegations of paragraph 43 of the amended complaint.

44. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 44 of the amended complaint; denies the remaining allegations of paragraph 44 of the amended complaint.

45. Denies the allegations in paragraph 45 of the amended complaint.

46. In response to the allegations set forth in paragraph 46 of the amended complaint the defendant incorporates and restates its responses to paragraphs 1-15 of the amended complaint.

47. In response to the allegations in paragraph 47 of the amended complaint, admits that plaintiffs seek a tax refund of $1,640,281.00; states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 47 of the amended complaint.

48-50. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 48-50 of the amended complaint.

51. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 51 of the amended complaint; denies the remaining allegations of paragraph 51 of the amended complaint.

52. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 52 of the amended complaint; denies the remaining allegations of paragraph 52 of the amended complaint.

53-54. Denies the allegations in paragraphs 53 and 54 of the amended complaint.

55. In response to the allegations in paragraph 55 of the amended complaint, admits that plaintiffs seek a tax refund of $1,636,196.00; states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 55 of the amended complaint.

56. In response to the allegations set forth in paragraph 56 of the amended complaint the defendant incorporates and restates its responses to paragraphs 48 and 49 of the amended complaint.

57. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the amended complaint.

58. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 58 of the amended complaint; denies the remaining allegations of paragraph 58 of the amended complaint.

59. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 59 of the amended complaint; denies the remaining allegations of paragraph 59 of the amended complaint.

60. Denies the allegations in paragraph 60 of the amended complaint.

61. In response to the allegations set forth in paragraph 61 of the amended complaint the defendant incorporates and restates its responses to paragraphs 1-15 of the amended complaint.

62. In response to the allegations set forth in paragraph 62 of the amended complaint, defendant admits that plaintiffs seek a refund of $5,956,634.00; states that it lacks knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 62 of the amended complaint.

63-65. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 63-65 of the amended complaint.

66. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 66 of the amended complaint; denies the remaining allegations of paragraph 66 of the amended complaint.

67. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 67 of the amended complaint; denies the remaining allegations of paragraph 67 of the amended complaint.

68-69. Denies the allegations in paragraphs 68 and 69 of the amended complaint.

70. In response to the allegations set forth in paragraph 70 of the amended complaint defendant admits that plaintiffs seek a refund of $5,940,696.00; states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70 of the amended complaint.

71. In response to the allegations set forth in paragraph 71 of the amended complaint the defendant incorporates and restates its responses to paragraphs 63 and 64 of the amended complaint.

72. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the amended complaint.

73. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 73 of the amended complaint; denies the remaining allegations of paragraph 73 of the amended complaint.

74. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 74 of the amended complaint; denies the remaining allegations of paragraph 74 of the amended complaint.

75. Denies the allegations in paragraph 75 of the amended complaint.

76. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the amended complaint.

WHEREFORE, defendant prays that the amended complaint of plaintiffs, Kerr-McGee Corporation and subsidiaries, be dismissed with prejudice, with defendant's costs to be taxed against the plaintiff and with such other relief as the Court deems appropriate and just.

Respectfully submitted,

s/Benjamin C. King, Jr.
BENJAMIN C. KING, JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

July 10, 2008